STRAHAN, PLAINTIFF IN ERROR v. THE COUNTY COURT OF AUDRAIN COUNTY.

**Roads :** MANDAMUS. Section 25, p. 1223 Wag. Stat. invests the county court with a judicial discretion to determine whether or not a proposed road will be of sufficient public utility to justify the payment by the county of the damages assessed by a jury. It also permits the petitioners for the road to pay the damages themselves, and in case they do, makes it the duty of the county court to open the road. *Held,* That a writ of mandamus will not lie to compel the court to open a road at the expense of the county, nor to open it at the expense of the petitioners, unless they have voluntarily paid the damages.

*Error to Audrain Circuit Court.*

*Craddock & Musick and Hockaday & Silver* for plaintiff in error, insisted that plaintiff was entitled to a judgment against the petitioners for the opening, or else, if it was thought the county should pay the damages, then that he should have a warrant on the county treasury, citing *Wilson v. Berkstresser*, 45 Mo. 283 ; *Platte Co. Ct. v. McFarland*, 12 Mo. 166 ; *State v. Rombauer*, 44 Mo. 590 ; *State v. Knight*, 46 Mo. 83 ; *State v. Watson*, 9 Kan. 668 ; Broom's Leg. Max. 909 ; 12 Wheat. 69 ; 1 Chitty Pl. (15 Am. Ed.) 221 ; *Osage V. & S. K. R. R. v. Morgan Co. Ct.*, 53 Mo. 156.

SHERWOOD, C. J.—Petition for mandamus to the county court of Audrain county. It seems that a new county road had been located through the premises of Strahan,

and the damages assessed at $132.25, by a jury for that purpose empaneled, under the provisions of § 23, 2 Wag. Stat., p. 1222. At the term next succeeding the return of the verdict, the applicant for the writ herein, moved the county court for judgment on the verdict, but met with refusal, although that court had previously ordered that those who had petitioned for the road should pay all damages incident to its establishment. The issuance of the alternative writ was waived, and the petition was pleaded to as if the alternative writ. A demurrer was interposed questioning the sufficiency of the petition, in that it contained no allegation that the county court had ever ordered the road in question to be opened. The petition was held insufficient, and judgment accordingly; and the correctness of this ruling is to be measured by a consideration of the two sections which follow the one above noted:

Section 24. "If the amount of damages assessed by the jury aforesaid be the same, or less than the amount assessed by the commissioners, the person or persons objecting to the assessment of the commissioners, shall be adjudged to pay the costs, and if more, the costs shall all be paid by the county; and the damages assessed; and all costs incurred in behalf of the county, under this act, shall be paid either out of the county treasury or out of the road and canal fund, as the county court may direct, and shall draw their warrant for the same."

Section 25. "Upon the report of the commissioners and the assessment of damages, as above provided, if the county court shall deem the road of sufficient public utility to justify the payment of the damages assessed as aforesaid, or in default thereof, if the petitioners shall pay such damages, the said court shall order the road to be opened, and the lands relinquished or condemned as aforesaid, shall forever be considered as a public highway until altered, changed or annulled by authority of law; and the report of the commissioners shall be recorded in a book kept for that purpose." It is quite obvious that the county court

had no authority whatever to order those who prayed for the road to "pay all damages occasioned by its location." The payment of such damages is, under the provisions of sec. 25, clearly optional with the petitioners; and the same section shows, with a clearness which admits of no question, that it rests in the judicial discretion of the county court to determine whether the road is "of sufficient public utility to justify the payment of the damages," "either out of the county treasury or out of the road and canal fund." If the county court, in the exercise of such discretion—a discretion obviously beyond mandatory control—does not deem the proposed road of sufficient public utility to justify the payment of the damages assessed, that is the end of the matter; and no order that the road be opened will be made, unless those who seek to have it opened, step forward and pay the damages; in which event alone can the county court, having declined to make the order in the first instance, be compelled to make it in the second. These reasons appear conclusive, that the petition contains no valid basis for the issuance of the writ, since clearly the county court could not on the one hand be compelled to make an order which involves, and can only be the result of, the exercise of judicial discretion, nor compelled on the other, to make a like order, without the damages were voluntarily paid by the petitioners for the road.

The court below took the right view, and we affirm the judgment. All concur.

AFFIRMED.