WILLIAM FORSYTH, Respondent, v. THEODORE HEEGE et al., Appellants.

St. Louis Court of Appeals, February 26, 1895.

1. **Public Roads**: EFFECT OF APPEAL FROM ASSESSMENT OF DAMAGES IN COUNTY COURT. When an appeal is taken, under section 7801 of the Revised Statutes, from the judgment of a county court assessing damages for the opening of a public road, that court may either stay further proceedings until the damages are finally ascertained, or may order the road to be opened notwithstanding the appeal.

2. ———: ———: PAYMENT OF DAMAGES. If the road is thus ordered to be opened, the county is irrevocably bound for the payment of whatever damages are recovered by the landowner on the appeal; but, if the proceedings are thus stayed, the county court retains the right, on the determination of the appeal, to either pay the damages finally assessed and order the road to be opened, or to dismiss the proceedings altogether.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED AND REMANDED.

*R. Lee Mudd* for appellants.

*Kerr & Webb* for respondent.

BIGGS, J.—This is a proceeding by *mandamus* to compel the defendants, as justices of the county court of St. Louis county, to draw a warrant on the treasurer of the county for the amount of damages assessed to plaintiff for opening a public road through his land. The court sustained a demurrer to the return, and, the defendants refusing to plead further, a peremptory writ of *mandamus* was ordered to be issued. The defendants have appealed, and claim that the demurrer was improperly sustained for the reason, among others, that the return put in issue material allegations of fact.

The averments in the petition and alternative writ are to the effect that the plaintiff is the owner of certain land in St. Louis county; that proceedings were instituted in the county court of the county with the view of establishing a county road through the plaintiff's land; that the question of his damages reached the circuit court on appeal; that a change of venue of the cause was taken to the circuit court of Franklin county, where a trial was had and the plaintiff's damages assessed at $1,000, and judgment entered thereon, which has in no way been superseded; that in the meantime the county court had ordered the road opened, and that it had been opened and was then used as a public road; and that, after the final assessment of the damages, the plaintiff made a demand of the defendants to issue to him a warrant on the county treasurer for the amount of damages so assessed in his favor, which the defendants refused to do.

The return denied that the road had been opened, or that it was being used as a public road. It also denied that the county court had refused to pay the

amount of the assessment. Several affirmative defenses were interposed, but it is not necessary to state or discuss them.

The proceedings for the establishment of the road in question were instituted and conducted under the law of 1889, governing roads and highways. Chapter 140, article 1, of the Revised Statutes, 1889, section 7798 of the act provides for the sending of the county road commissioner to view, survey and mark out, the proposed road. It is also made the duty of the commissioner to take relinquishments of the right of way from those who are willing to give them, and to make an estimate of the probable cost of all bridges, and make report of the same. He is also required to report the names of all landowners who refuse to give the right of way, and the amount they demand therefor. If it appears from the report that all of the right of way has been secured, or upon payment by the petitioners of the amount of damages demanded by those refusing to give the right of way, and the court deems the road of sufficient public utility, it may order the road to be opened, or it may order the proceedings to be dismissed.

In the succeeding section (7799) it is provided that, if it appears by the report of the road commissioner that any landowner has refused to relinquish the right of way, the county court shall appoint three disinterested freeholders to assess the damages and report their action to the court; that any party interested may file written exceptions to the amount of damages allowed, and, if such exceptions are filed, it is made the duty of the county court to impanel a jury for the purpose of making a reassessment of the damages.

Section 7800 provides that, if no such exceptions are filed, and the county court shall be of the opinion that the road is of *sufficient public utility to justify the*

*payment of the damages awarded*, then it shall draw warrants on the county treasury for the amount of damages awarded.

By section 7801, appeals from judgments of the county court assessing damages in road cases are authorized where the question is tried anew, except that no road commissioner is to be appointed by the circuit court. The section also provides that no appeal in such cases shall "operate as a *supersedeas* of the proceedings of the county court."

Section 7801, as we have seen, expressly provides for an appeal from a judgment of the county court assessing damages, and in such a case it is manifest, from the further reading of the section, that it is within the power of the county court either to stay further proceedings until the damages are finally ascertained, or order the road to be opened. If the latter course is adopted, the county is irrevocably bound for the payment of whatever amount of damages the landowner may recover on appeal; but, if the proceedings are stayed until the appeal is finally determined, then, under section 7800, the option is left to the county court either to pay the damages and order the road opened, or dismiss the proceedings altogether. *Strahan v. County Court*, 65 Mo. 644. Hence, in the case at bar, the question as to which course was pursued is a very important one; for, if the road has not been opened, the plaintiff's judgment for the damages is conditional, and must depend on the final order of the county court in the premises.

It therefore follows, that the circuit court committed error in sustaining the demurrer to the return. Whether the plaintiff's land had been actually appropriated to public use or not, was a material fact, which ought to have been tried. With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.