MONROE et al. v. CRAWFORD, Appellant.

**Division Two, May 21, 1901.**

1. **Opening Public Road:** ORDER OF COURT: NOTICE.    An order of the county court to a road overseer to open up a public road is void if made without notice to the landowner through whose land the road is to pass.

2. ———: ———: APPELLATE JURISDICTION.    A proceeding to enjoin a road overseer from opening up a public road, on the ground that

the order of the county court directing the road to be opened was made without notice to the landowner, involves title to real estate, and hence the appeal is to the Supreme Court.

3. ———: INJUNCTION. Injunction will lie to restrain an insolvent road overseer from tearing down and removing a fence and establishing a public road if he is acting in pursuance to an order of the county court made without notice to the landowner. Such order is absolutely void, and hence, confers no authority on the overseer to open the road.

4. **Practice:** DEFECT OF PARTIES: WAIVER. An objection that a petition does not state a cause of action because other persons are necessary parties defendant, comes too late on appeal. If the petition states a good cause against the defendants named, the judgment will not be reversed on that account. A defect of parties must be brought to the attention of the trial court.

Transferred from Kansas City Court of Appeals.

CIRCUIT COURT JUDGMENT AFFIRMED.

*Storm & Cooley* for appellant.

(1) The temporary writ of injunction was void and the whole proceedings invalidated for the reason that the temporary writ was granted on an application or petition neither signed nor verified. (2) Injunction will not lie to restrain a road overseer from tearing down and removing a fence in obedience to lawful order of county court. Railroad v. Maddox, 92 Mo. 469; Hammerslough v. City of Kansas, 57 Mo. 219; Taylor v. Todd, 48 Mo. App. 550. (3) The defendant, in the matter complained of, was the agent of the county court, and was about to carry out an order of the county court, as admitted in plaintiffs' pleadings. The circuit court rendered a judgment expressly restraining the defendant road overseer from obeying a certain order of the county court, the order recited in plaintiffs' petition, and such order can not be

nullified without the county judges being made parties to the proceedings in which its actions are attacked. A road overseer might thus be restrained from carrying out a certain order, made on a certain day, but might lawfully carry out a subsequent order of practically the same effect as the first one. If the plaintiffs are right, it is the county judges who must be restrained instead of the agent (overseer). The county judges should have been made defendants, and in default thereof the proceedings should have been dismissed, and the case now reversed, the point having been raised below and overruled and exceptions saved. Carpenter v. Grisham, 59 Mo. 247.

*H. F. Millan* for respondents.

BURGESS, J.—This case was transferred to this court by the Kansas City Court of Appeals upon the ground that the title to real estate is involved, hence not within the jurisdiction of that court.

The proceeding is to enjoin defendant, who was at the time road overseer of road district number eight in Wilson township, Adair county, the district in which the road in question is located, from opening a road through plaintiff's lands, in pursuance of an order of the county court of that county made on the twelfth day of October, 1897, upon the ground that the order was made without notice to the parties in interest, and was, therefore, null and void, and the insolvency of the defendant. The court after hearing the case made the temporary injunction, which had theretofore been granted, perpetual, and rendered judgment against defendant for costs.

The pivotal question in this case, in so far as the jurisdiction of this court of this appeal is concerned, grows out of the alleged want of jurisdiction of the county court of Adair county to make the order opening the road, for if, as alleged, the order

was made without notice to the parties interested, it was void as to them.

In Baubie v. Ossman, 142 Mo. 499, it was ruled, that the Supreme Court, in a proceeding involving the legality of a proceeding to condemn land for a public road, is the proper appellate court, since the title to land is involved. The same rule is announced in Baker v. Squire, 143 Mo. 92, in which Baubie's case is cited with approval.

Under these adjudications our conclusion is that this court has jurisdiction of the appeal.

But as no bill of exceptions was filed in the case, there is nothing before us to review save and except the record proper, and, in that regard defendant asserts that the petition does not state a cause of action, in that, injunction will not lie to restrain a road overseer from tearing down and removing a fence in obedience to a lawful order of the county court. [Chicago & Alton R. R. Co. v. Maddox, 92 Mo. 469.] There can be no doubt as to the correctness of this contention, but in the case at bar, the petition alleges that the order of the county court ordering the road to be opened was made without notice to the plaintiffs, and, therefore, the court was without jurisdiction of the parties, and the order absolutely void, and hence, conferred no authority whatever upon the overseer to open the road. It was not, therefore, a lawful order.

It is also claimed that the petition does not state a cause of action, because the county court judges of Adair county are not made parties defendant, but no such objection can be urged against the petition for the first time in this court. It is clearly good as to the defendant, and if there were other necessary parties it should have been brought to the attention of the court below, either by demurrer or answer, and as this was not done it can not be considered on this appeal.

For these considerations the judgment is affirmed. *Sherwood, P. J.,* and *Gantt, J.,* concur.