BENNETT et al., Appellants, v. HALL et al.

**Division One, November 23, 1904.**

1. **PUBLIC ROAD: Jurisdiction of Circuit Court: Irregularities.** A proceeding to establish a public road, begun in the county court, on appeal to the circuit court is to be tried anew. If the county court had jurisdiction and went wrong in its proceedings, the circuit court is not bound by its errors or irregularities, nor hindered thereby in its jurisdiction. The record of the county court need not show affirmatively the finding of any fact as a precedent authority for each step taken or order made, in order to give the circuit court jurisdiction of the case on appeal.

2. ———: ———: ———: **Jurisdiction Distinguished from Judgment.** A proceeding to establish a public road is statutory in its origin and in derogation of the common law. Where the officer invades private property in pursuance to a judgment establishing the road, whether rendered in the county or the circuit court, he must be able to show by the record of the court, not only that the court had jurisdiction to try the cause, but also that in all the essential steps the court proceeded according to the statutes. But on appeal to the circuit court its jurisdiction to try the cause and establish the road depends on the jurisdiction of the county court in the first instance, and not on the regularity of its proceedings after jurisdiction is acquired.

3. ———: ———: ———: **Finding of Facts: Petition and Notice.** The finding by the county court that the petition was signed by the requisite freeholders and that proper notice was given, is not essential to give the circuit court jurisdiction of the appeal. There must be a petition and notice, but their sufficiency is to be determined in the *de novo* trial when the case comes before the circuit court by appeal, and the jurisdiction of the circuit court is not affected by the failure of the record of the county court to show its finding on these facts. And the same is true of the finding of all other essential facts which depend on the evidence.

4. ———: **Notices: Posting.** The statute does not require three notices to be put up in each township. If the proposed road extends into more than one township, one notice put up at its beginning, another at its termination, and another at some public place along the line, are sufficient.

Bennett v. Hall.

5. ———: Petition: Names of Petitioners: Evidenced by Map. Where the statute requires the petition for a public road to be "accompanied by the names of all resident persons owning land through which the proposed road is to run," that showing may be made by a map presented to the court along with the petition, nor need it, in order to be so considered, be attached to the petition or made a part of it.

6. ———: ———: ———: ———: Filing of Map. The fact that one of the petitioners found lying on a table in the courtroom the map showing the names of the resident owners which had been presented along with the petition, and took it away with him in order to preserve it, and that it had not been marked "filed," did not render it, when satisfactorily identified, incompetent evidence in the trial of the case in the circuit court, or destroy it as a part of the files of the case, or vitiate the whole record of the proceedings in the county court, or destroy the jurisdiction of that or the circuit court.

7. ———: Qualification of Commissioners: Exception: Jury Trial. After the commissioners have made their report, and exceptions are filed, and a jury asked for, and a trial by the jury is had, the qualification of the commissioners, whether they were disinterested freeholders or not, or of kin to any of the parties or not, is no longer in the case.

8. ———: Taking for Public Use: No Damages: Constitutional Right. The award of no damages to the landowner does not violate the constitutional provision that private property can not be taken for a public use without just compensation. In estimating the damages, the value of the advantages peculiar to the landowner derived from the establishment of the road, if any, may be estimated and taken from the value of the land taken, and if this results in leaving no balance of damages due the landowner, it is no violation of his constitutional rights to establish the road without paying him in money the value of the land taken.

9. ———: Essentials of Judgment of Circuit Court. Where final judgment establishing a public road is rendered in the circuit court, it should spread upon its record a finding of all those jurisdictional facts which the evidence alone can establish, such as that the petition was signed by the requisite freeholders, that three of them reside along the line of the road, that proper notice was given, etc.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton, Judge.*

REVERSED AND REMANDED (*with directions*).

*Will A. Rothwell* for appellants.

(1)   As a matter of fact every statutory and jurisdictional requirement was stricly complied with by the petitioners in this case throughout the entire proceedings. The only omission was made by the county clerk in his minutes. R. S. 1899, secs. 9414, 9415, 9416, 9417, 9418.   (2)   The *nunc pro tunc* entry made on the 26th day of February, 1900, was made before final judgment establishing and opening the road, and the making of this order was within the discretion of the court, and when made it cured all defects and omissions, if any, that may have existed in the original order.   Saxton .v. Smith, 50 Mo. 490; Evans v. Fisher, 26 Mo. App. 546; McGonigle v. Bresnen, 44 Mo. App. 423.   (3)   When the petition for a road in this case was delivered to the county clerk to be filed it was accompanied by a map or plat (a facsimile copy of which appears in the record), which said plat was a complete compliance with the proviso of section 9414, Revised Statutes 1899. It was competent to prove that said plat was delivered, together with the petition, to the county clerk, and such delivery constituted a filing of said plat, and made the same a record paper in the case.   It was also competent to show that said plat was considered by the court.   The mere fact that it was afterwards misplaced for a time did not affect its character.   This plat was brought to Macon Circuit Court at the trial and it was proper to identify this plat by parol evidence.   Baker v. Henry, 63 Mo. 517; Grubbs v. Cones, 57 Mo. 83; Bensley v. Haeberle, 20 Mo. App. 648; Collins v. Kammann, 55 Mo. App. 464.   (4)   The petition, in due form, confers jurisdiction on the county court, of the cause in a road case.   The second proviso of said section 9414 does not in express terms require that the list of the ''names of persons owning lands through which said proposed road shall run,'' etc., shall be filed or that it be in any particular form.   It would seem that the sole purpose

of this proviso is that the county court be advised beforehand as to probable cost of the proposed road, to guide them in the exercise of their discretionary power vested in them by section 9416, Revised Statutes 1899. (5) We submit that it could not have been the purpose of the Legislature to require a strict compliance with the terms of said second proviso of said section 9414 as a jurisdictional prerequisite in road cases for the reasons: First. Because had the Legislature so intended it would have required such list of names and other matters of information mentioned in said proviso to be incorporated in the petition, as is the case in some other States. Second. Because said proviso is not sufficiently definite and certain and exacting in its provisions to warrant such inference. Third. Because the obvious purpose of said proviso is simply to require certain information to be promptly on hand when the petition is presented as a guide to the court in the proper exercise of their purely discretionary power to dismiss, if upon the threshold of the case it is found that the expense of opening the road will be too great to justify further proceedings.

*Dysart & Mitchell* and *J. W. Wight* for respondents.

(1) The petition in this case fails to state that it was accompanied by the names of all resident persons owning land through which said proposed road would run, with the amount of damages claimed by each; and also the names of those who were willing to give the right-of-way for said proposed road. R. S. 1899, sec. 9414. A plat was used by the petitioners at the trial which they claim was a compliance with that section of the statute. The plat was not lodged and filed with the clerk of the county court, nor was the clerk asked to file said plat. After the trial in the county court was over, the plat was taken away by the main petitioner,

and was never again seen by any of the parties to these proceedings or the courts until the last trial in the circuit court of Macon county. Then it was brought into the court through the county clerk of Randolph county, brought out of the possession of the petitioners and not from the files of his office. The plat used had neither township, section nor range marked thereon, nor was the county or State in which the land platted lay, stated anywhere. This was no compliance with the statute. (2) There was no notice given of this proceeding such as the statute requires. This road ran through a portion of two municipal townships in Randolph county. One notice was posted at the beginning in Cairo township, one notice at the ending of the road in Union township, one other notice at a public place in Cairo township. This was no compliance with the statute. Section 9415, R. S. 1899. This section required three or more notices posted in each municipal township through which said road runs or enters. Under the statute a road may be petitioned for and sought to be established through a dozen townships. It would be no compliance with the law to place two notices in the township in which said road began, one being at the beginning point, and another notice at the termination, and omit to place any notice at all in the ten remaining townships through which said road would pass. This is clearly not the letter of the law, not the meaning of the law, not the spirit of the law. The meaning of that section of the statute is that three notices must be posted in three public places in each township through which said road runs or enters. Daugherty v. Brown, 91 Mo. 26; In re Petition of Gardner, 41 Mo. App. 589. (3) The county court in this proceeding had no jurisdiction or right under the statute to appoint the county road commissioner to view, survey and mark out the said road. There was no finding of the court "that the facts in the case justified the location of the road at the expense of the county," nor was there a

finding of the court of the probable amount of damages fixed at the time for each owner of land sought to be condemned and taken. Sec. 9416, R. S. 1899. (4) Without one or the other of such findings the court had no jurisdiction to appoint the commissioner to view, survey and mark out the road. There was a finding of damages to the probable amount of $250 and then the petitioners deposited that amount with the treasurer. There is nothing to indicate what portion of the $250, if any, was for bridge purposes or to pay for culverts or grading needed upon such road, nor was there anything in the order to indicate what portion of it was paid in for the use of any one of the objectors for land sought to be condemned and taken by this proceeding. Sec. 9416, R. S. 1899. Such finding ought to have been made by the court to justify them in appointing the commissioner to view, survey and mark out the road. Jones v. Zink, 65 Mo. App. 409. No remonstrator and objector could look at the order and know or obtain any idea from the order what it was offering him or her for his or her property sought to be taken in this proceeding. That he was entitled to such knowledge is clearly shown by the plain reading of section 9417, Revised Statutes 1899. (5) There was thus no compliance by the road commissioner with the requirement of the statute (sec. 9416, R. S. 1899), and until such statute was complied with the county court had no right or jurisdiction to go further and appoint a board of commissioners to assess damages. Each landowner had the right to require such thing to be done before any further proceeding was had. Jones v. Zink, 65 Mo. App. 409; Ells v. Railroad, 51 Mo. 200; Moses v. Dock Co., 84 Mo. 242. The record in the *nunc pro tunc* order contains all of the orders made by the court as claimed by the petitioners. This shows that the commissioners were three disinterested freeholders of the county. The statute requires that they be "three disinterested freeholders of the county who are not inter-

ested or of kin to any of the parties.'' Sec. 9417, R. S. 1899; Jones v. Zink, 65 Mo. App. 409. (6) The power to take private property for public use without the consent of the owner is a summary proceeding in derogation of common law and common right and the utmost strictness is required in order to give it validity. And unless it affirmatively appears upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been complied with, such proceedings will be void. Anderson v. Pemberton, 89 Mo. 61; Railroad v. Young, 96 Mo. 39; Zeibold v. Foster, 118 Mo. 349. In a proceeding to establish a road, if the proceeding is void as to one it is void as to all the parties. Anderson v. Pemberton, 89 Mo. 61; In re Essex Ave., 121 Mo. 89.

VALLIANT, J.—This is a statutory proceeding to open and establish a public road in Randolph county. The petition for the road, together with evidence that notice as required by the statute had been posted, was presented to the county court, November 28, 1898, and at the same time a remonstrance by respondent Hall and others was filed. The matter was laid over until the next day when it was taken up by the court, the evidence for and against the petition heard, and the conclusion reached that the proposed road was a public necessity and practicable, and the Road and Bridge Commissioner was ordered to proceed to survey and lay out the road, taking rights-of-way, etc., and report at the next term, which he did.

In his report the Road and Bridge Commissioner gave the field notes of his survey, showing the location, the length, the width and the course of the road and the names of the owners of the land to be taken, specifying those who relinquished the right-of-way and those who declined to do so, and the amount of damages that each of the latter demanded, also an estimate of the cost of the bridges. Upon the coming in of the report, the

court made an order reciting that the petitioners had deposited in court $250, the probable amount of the damages, and appointing commissioners to assess the damages and report at the next term. These commissioners made their report in due time, finding no damages for either of the non-consenting owners, whereupon the latter filed exceptions and demanded, each, a jury trial, which was granted; a jury in each case was impaneled and the verdict in each case was "no damages."

The county court proceeded with the cause and on March 1, which was a day of the regular February term, 1900, entered its final judgment, establishing the road as prayed; from that judgment the respondent Hall prosecuted his appeal to the circuit court of Randolph county. On application of respondent the venue was changed to the circuit court of Macon county, where final judgment was against the petitioners, dismissing their petition, and they appealed to this court.

In the trial in the circuit court at Macon the case seemed to turn on the question of the jurisdiction of the county court. It was there contended and is here contended, that the record does not show the existence of certain facts which respondent thinks are essential to the jurisdiction of the county court.

The dominant idea that seems to pervade the brief of the learned counsel for the respondent and to have prevailed in the circuit court is that the record of the county court must show affirmatively a condition, or a finding, or the existence of a fact as a precedent authority for each step taken or order made, and that unless that record so shows, the whole proceeding is invalid beyond the power of the circuit court to remedy. We do not give our approval to that doctrine.

Original jurisdiction in proceedings to open and establish public roads is vested in the county court and from its judgment an appeal lies to the circuit court where the cause is to be tried anew.

The county court has jurisdiction of the subject in general, and when a proper petition is filed and the notice required by the statute is given, the court has jurisdiction of that case in particular, and thereafter, in its conduct of the case, it may commit error or proceed irregularly, but such error or irregularity will not render the whole proceeding void so as to vitiate even the proceedings on appeal in the circuit court. If the county court had no jurisdiction of the case in the beginning, the circuit court could acquire none by appeal, just as in case of an appeal from a judgment of a justice of the peace, but if the county court had jurisdiction in the beginning and went wrong in its proceedings, the circuit court is no more bound by the errors or irregularities of the county court nor hindered thereby in its jurisdiction than it would be by those of a justice of the peace—the very object of an appeal to the circuit court is to correct the errors or irregularities of the inferior tribunal.

It is said that the record of the county court in a case of this kind must show every fact essential to its jurisdiction and every fact essential to the judgment finally rendered, including the facts to be found by the court from the evidence adduced. But that is so only when the validity of the judgment itself is assailed collaterally. For example, if the final judgment of the county court is that the road be established, and if no appeal is taken therefrom, and if in accordance with that judgment it is attempted to lay out and open the road to the public and resistance is offered by the landowner, it devolves on the officer invading the private property to show by the record of the county court itself that that court had not only jurisdiction to begin the trial of the case, but also that in all the essential steps the court proceeded according to the statute. And the same is true of the record of the circuit court in this kind of case, which is statutory in its creation and in derogation of the common law. That is so only when

the judgment itself is relied on as the warrant of authority on the one side for opening the road and its validity denied on the other. In such case the record must speak for itself and demonstrate its own validity. But on an appeal from the county court to the circuit court, the jurisdiction of the latter to try and determine the cause depends on the jurisdiction of the county court in the first instance and not on the regularity of its proceedings thereafter to final judgment.

A petition by freeholders as prescribed by the statute and a posting of the notice as in the statute prescribed, are essential to the jurisdiction of the county court. If the petition is in the form prescribed by the statute it confers on the county court the jurisdiction to hear evidence, to prove that the petitioners are what they claim to be, freeholders of the township or townships, that at least three of them reside in the immediate vicinity and that the notice prescribed by the statute had been given. The court must be satisfied of these facts before it can proceed to establish the road, and the court's finding of these facts must appear on its record in order to sustain the validity of its final judgment. But on appeal the circuit court is not bound by the finding of the county court on those questions; it tries the case anew, hears the evidence and reaches its own conclusions. For instance, suppose a petition is presented to the county court by twelve or more men who in truth are freeholders of the township or townships and at least three of them live in the immediate vicinity; and suppose they posted the notices as required by law and at the trial in the county court introduced evidence tending to prove those facts, but there was evidence to the contrary, and the county court found that they were not such freeholders and that the notice had not been given and thereupon caused those findings to be entered on the record, and rendered judgment dismissing the proceedings. Now, when the petitioners appeal to the circuit court and offer their evi-

dence on those points, is the court bound to dismiss the suit because the record of the county court does not find that the petitioners were such freeholders and that they had given the notice? What is the meaning of a trial *de novo* if the circuit court's jurisdiction depends on the findings of the county court on questions of fact and on the spreading of those findings on the face of its record?

What is here said of the supposed necessity of the appearing of the finding of those facts on the face of the county court's record applies equally to the recital of the finding of all other essential facts which depend on the evidence; for instance, that the county court found that the proposed road was of sufficient public utility to justify its establishment at the expense of the county. All facts essential to the lawful taking of private property for a public road, which depend for their finding on evidence, are facts for the finding of the circuit court on evidence adduced before it, and it has nothing to do with the finding of the county court, or with what the county court record shows or fails to show on those points.

This court is not now reviewing the proceedings of the county court; for the purposes of this case it is immaterial what the record of the county court shows, except on the one point of initial jurisdiction, and that there was a final judgment and an appeal. We are now reviewing the proceedings of the circuit court, and we are concerned only with what its record shows as to its own findings as to jurisdictional facts. The learned circuit judge was of the opinion that the final judgment of the county court establishing the road was void, because the county court record did not show a finding by the court of the jurisdictional facts above mentioned which were to be found from the evidence, and therefore there was no judgment to appeal from, and the circuit court had no jurisdiction, and the proceeding should be dis-

missed.  But in that respect the learned judge was in error; he had nothing to do with the findings of the county court or its final judgment; those were put aside when the appeal was taken, and the circuit court was free to make its own record.

The final judgment in the case before us is the judgment of the circuit court, and the record by which the validity of that judgment is to be tested is the record of the circuit court; the record of the county court, except to show initial jurisdiction and that there was a final judgment and an appeal, has nothing to do with it.

The original record entry of the proceedings of the county court in November, 1898, recites that: "It is proven to the court that notices of application were posted in compliance with the law and that twelve of the petitioners are freeholders, three of whom reside in the immediate vicinity. . . . The court considers the proposed road a public necessity and practicable.  It is therefore ordered," etc.  It is insisted by respondents that those recitals are not sufficient to show that the county court acquired jurisdiction, that they are but conclusions of law and not findings of fact.  But when the cause came on for trial in the circuit court the evidence was ample and undisputed that the petitioners were freeholders of the townships, that more than three of them lived on the line of the proposed road, and that the hand bills were posted as the law requires. These were jurisdictional facts, as much so in the circuit court as in the county court, and were to be proven to the satisfaction of the circuit court, and it is immaterial so far as the proceedings in the circuit court are concerned what the record of the county court showed or failed to show on those points.

The evidence for the petitioners in the circuit court on the point of notice showed that three notices or hand bills had been posted, one at the beginning, another a half mile or more on the line at a cross-road and the

third at the end. As the proposed road runs through two, or parts of two, townships, respondent insists that this notice was not sufficient, that the statute requires three notices in each township.

The statute contemplates that the road may extend through one or more townships, and it provides that the notice shall be given by hand bills "put up in three or more public places in such municipal township or townships, one of which to be put up at the proposed beginning and one at the proposed termination of said road." This means that at least three hand bills must be posted and the law is satisfied if they are posted in the one township if the road is to be run only through one, or in the two or more townships if it is to be run through more than one, one at the beginning, one at the end and the third at some other public place on the line. The evidence shows that the three hand bills were so posted, and that is sufficient.

The particlar objection to the county court record as impeaching the jurisdiction of that court that seems to be relied on by respondent with the most confidence, is that the record did not show compliance on the part of the petitioners with the following provision of the statute which is the second proviso to section 9414, viz.: "Said petition shall be accompanied by the names of all resident persons owning land through which said proposed road or change of road shall run, with the amount of damages claimed by them, so far as can be ascertained, and also the names of those who are willing to give the right-of-way for said proposed road or change of road."

After the cause reached the Macon Circuit Court, a diminution of the record was suggested and *certiorari* issued to the county court of Randolph county to send up a complete record, particularly calling for a document containing the information required in that portion of that statute just quoted, and in obedience to that writ a map was sent up by the clerk with the cer-

tificate that that map, or one similar, was presented to the county court at the same time the petition for the road was presented, but that when he first made up a transcript of his record to send to the circuit court the map was not found among the papers, and for that reason was not sent up with the rest, but it had since been handed to him by one of the petitioners and thus sent up to the circuit court. The circuit court heard evidence on that point, and it was shown by the testimony of one of the petitioners, two of the county judges and the county clerk that this map was presented to the county court along with the petition, was consulted and examined by the parties to the controversy, and by the judges of the county court during their trial of the case. Its absence from the files was explained by the testimony of one of the petitioners who said that after the trial and after the judges and clerk had left the court room he saw the map lying on the clerk's table and in order to preserve it, took it away with him and did not return it to the clerk until it was called for by the *certiorari*. It was fully identified by the witnesses as a paper used in the trial of the case, but was not marked filed by the clerk. The statute does not require that the paper containing these facts should be attached to or made a part of the petition, and whilst it is a paper that ought to have been taken possession of by the clerk, marked filed, and kept with the other papers, yet the failure of the clerk to do so did not vitiate the whole record. The map should have been considered as if it had been filed with the petition. [Baker v. Henry, 63 Mo. 517; Grubbs v. Cones, 57 Mo. 83; Bensley v. Haeberle, 20 Mo. App. 648.] If the clerk had left the original petition on his table after the adjournment of court, and one of the petitioners had taken care of it in the same way he did of this map, that action would not have rendered the paper when satisfactorily identified any the less a part of the files of the case. The language of the statute is that "the petition shall be

accompanied by the names," etc., and that requirement was literally complied with.

It is said in the brief for respondent that the record of the county court does not show that the three commissioners appointed to assess damages were "disinterested freeholders of the county, who are not interested of or kin to any of the parties," as required by section 9417, Revised Statutes 1899. The record does show that they were three disinterested freeholders of the county, but does not show that they were not of kin to any of the parties. But no question of their kinship was raised in the circuit court, and in fact the act of the commissioners was out of the case, because when exceptions were filed to their report in the county court the exceptors asked for a jury to assess their damages, and it was granted.

The report of the commissioners as to this respondent was that he was not damaged, and so was the verdict of the jury. Whilst private property can not be taken for public use until just compensation is paid, yet in estimating the damages the value of the advantages if any derived from the establishment of the road peculiar to the landowner, not of the kind shared by the public, may be estimated and deducted from the value of the land taken, and if this results in leaving no balance of damages due the landowner, it is no violation of his constitutional rights to establish the road without paying him in money the value of his land taken. [Daugherty v. Brown, 91 Mo. 26.]

It was admitted at the trial in the circuit court that the proposed road was of public utility and the route a practicable one. Every other fact essential to the establishment of the road was proven beyond dispute and there was no evidence to the contrary. The only objections urged in the circuit court to the establishment of the road were the failures of the county court record to show the finding by the court of the facts above dis-

cussed, which objections were bottomed on an erroneous view of the law.

There is no dispute about the facts in this case, and no good can result in prolonging the litigation. The circuit court ought to have spread on its record a finding of all those jurisdictional facts above discussed, and pronounced final judgment establishing the road. The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment in accordance with the views herein expressed.

All concur, except *Robinson, J.,* absent.