GALBRAITH et al., Respondents, v. PRENTICE, Appellant.

St. Louis Court of Appeals, January 24, 1905.

1. ROADS AND HIGHWAYS: Damage to Landowner: Petitioners to Pay Damage. Under sections 9416 and 9418 of the Revised Statutes of 1899, in a proceeding before the county court to open a road, the court, by refusing to pay the damages awarded to the landowners affected, may make it impossible for the road to be opened except at the cost of the petitioners.

2. ———: ———: Judgment Against Petitioners. But the county is primarily liable for the damages assessed, if the road is ordered opened, and must pay either out of the money the

petitioners have deposited under the court's order, or out of the county's funds; judgment cannot be rendered against the petitioners.

3. ————: ————: **Evidence.** In a proceeding to open a road, where the general purpose of the testimony was to show that the detriment to a landowner's land was less serious than the witnesses testified, it was not objectionable on the ground that it tended to show benefits would accrue to such landowner's land in common with what would accrue to other land in the neighborhood.

4. ————: ————: **Measure of Damages.** In estimating the damages sustained by a landowner through whose land a road is opened under an order of the county court, it is proper to take into consideration as an offset to the injury such benefits as would accrue, not to the particular tract through which the road runs, but to his entire farm above the general benefit to other farm lands in the neighborhood.

5. ————: ————: **Conditions of Opening the Road.** The county court has discretion to pay damages assessed for opening the road and if it refuses to pay out of the county's funds and if the sum deposited by the petitioners is insufficient, the road can not be opened; but if the court elects to open the road, the county becomes bound to pay the damages.

6. ————: ————: **Judgment Against the County.** The county court having the option to pay, or not to pay and dismiss the proceeding, an absolute judgment against the county for damages awarded a landowner was erroneous.

Appeal from Lewis Circuit Court.—*Hon. Edwin R. McKee,* Judge.

MODIFIED AND AFFIRMED.

*Marchand & Rouse* and *Dowell & Simpson* for appellant.

*R. J. McNally* for respondent.

(1) It is the well-settled law of this State that in proceedings of this character the jury should consider in favor of a railroad company those benefits, if any, which are immediate and direct to the owner's land, arising from the construction of the road. Railroad v.

Baker, 102 Mo. 553. The same rule applies where land is taken for highway. Bennett v. Woody, 137 Mo. 377, 38 S. W. 972; Zeibold v. Foster, 118 Mo. 349, 24 S. W. 155. (2) Appellant's twenty-third assignment of error is based upon the action of the circuit court in rendering judgment in the trial anew on the question of damages against Lewis county. In thus rendering judgment the court followed the law. State v. Searey, 89 Mo. App. 393; In re Gardner, 41 Mo. App. 594; Bell v. Co. Court, 61 Mo. App. 179; Forsyth v. Heege, 61 Mo. App. 277; Aldridge v. Spears, 40 Mo. App. 29; St. Louis v. Gleason, 15 Mo. App. 25; Smith v. Brasher, 67 Mo. App. 58.

GOODE, J.—This is an appeal from a judgment assessing damages in favor of the appellant Prentice for the opening of a public road through his farm. The regularity of the preliminary proceedings in regard to the opening of the road, publication of notices and such matters, is not in question. Prentice filed a remonstrance in the county court against opening the road along the line proposed by the petition on the ground that it would extend diagonally across eighty acres of his land and work irreparable injury to him; whereas if it followed the line of the government survey as required by the statutes (R. S. 1899, sec. 9414), this harm would not result. He further stated in the remonstrance that the line along the government survey was entirely practicable and therefore the petition prayed an illegal route and ought to be dismissed. That point is not involved on this appeal. The remonstrance and motion for dismissal of the proceedings were overruled. Subsequent steps were taken in the county court finally leading to the appointment of a commission of three freeholders to assess damages to Prentice, who had refused to relinquish the right-of-way or agree on his damages, though an effort had been made to come to an agreement with him. The commission filed a report

in which they stated they had viewed the premises and awarded Prentice $275 damages. Exceptions were filed by the appellant to that award of damages and there was a jury trial in the county court resulting in a verdict for Prentice for $500; whereupon it was ordered and adjudged by the court that plaintiff have and recover from the petitioners $500 damages by reason of the location of the public road as aforesaid; that petitioners pay the costs and when the damages and costs were paid, that the road be platted, surveyed and opened. That judgment was erroneous. The statutes do not provide for a judgment against the petitioners for a road for the damages to landowners incident to its opening. The county court may require the petitioners to pay into court the amount of the estimated damages, as the condition on which the road commissioner will be ordered to survey and mark out the road. [R. S. 1899, sec. 9416.] So, too, the petitioners may pay the damages finally awarded to the landowners affected, if the county court refuses to pay, thereby rendering it impossible for the road to be opened, except at the cost of the petitioners. [R. S. 1899, sec. 9418.] But the county is primarily answerable for the damages assessed if the road is ordered opened and must pay, either out of money the petitioners have deposited for that purpose or out of the county's funds. Judgment can not be rendered against the petitioners for the damages. [Snoddy v. Pettis County, 45 Mo. 361.] From the county court's judgment Prentice appealed to the circuit court where there was a trial before a jury and a verdict in his favor for $300 damages. On this verdict the circuit court rendered the following judgment:

"It is therefore considered by the court that defendant doth recover of and from Lewis county in the State of Missouri, the said sum of $300 damages assessed to defendant Prentice, by the jury as aforesaid, together with his costs and charges in this behalf laid

out and expended in the county court, and that he have execution therefor; and that plaintiffs recover of and from defendant the costs and charges in this court and have execution thereof; and that defendant have and recover off of Lewis county all other costs and have execution therefor."

Appellant brought the case to this court for review.

Numerous errors are assigned in regard to the admission and exclusion of testimony. These alleged errors relate chiefly to the admission and exclusion of the testimony of witnesses on cross-examination, and as there are twenty or more such assignments we can not review them in detail. The general theory of the complaint of the court's rulings is that they permitted an inquiry as to the benefits which would accrue to Prentice's land in common with what would accrue to other land in the neighborhood, instead of such benefits as would result to his land in particular. This point is not well founded. Prentice's contention was that his farm would be injured in various ways by opening a road through it along the line projected; that he would have to build long lines of wire fences, cross fences and gates, and would have additional trouble in moving cattle about his farm and be subject to other inconveniences from which he is now free:

The purpose of the testimony complained of was to show that this supposed detriment would not result, or would be less serious than the witnesses for the appellant testified. We think there was no ruling on the evidence to justify a reversal of the judgment.

The court gave this instruction as to the damages to be allowed:

"The court instructs the jury that in estimating the damages sustained by Mr. Prentice, the defendant, the jury shall take into consideration:

"1. The value of the land taken by the right-of-way.

"2. The injury and damage the evidence shows that Mr. Prentice, the defendant, has sustained in consequence of the location of said road through and upon his lands by a depreciation of the value of his said farm of about nine hundred acres, and will allow defendant such sum as will reasonably compensate him for the injury and damage sustained by him, if any, by the location of said road through his said farm, and deduct therefrom any benefits, if any, which may result to defendant's farm through which said road runs and is located, but the benefits as herein used, if any, must be such as result to the entire tract or farm of defendant Prentice, in particular, and not the general benefits accruing to it, in common with other lands or farms in the immediate neighborhood of defendant's said tract or farm, or of said proposed new road.

"3. The erection and maintaining of fences and gateways on either side of the road.

"4. The inconvenience of getting from one part of the farm to the other, and of the driving of stock from one part of the farm to the other, and of extra gateways, and the trouble of passing through them, if any."

That instruction was requested by the appellant's counsel and shows that the case was submitted to the jury on the theory that no benefits to Prentice's farm from the proposed road were to be taken into consideration to offset the injury it would do him, except such benefits as would accrue to his farm from the road above the general benefit to farm lands in the neighborhood. It adopted his own theory in regard to the measure of damages and was according to the law on the subject. We see no fault in the instructions, which were, indeed, very liberal to the appellant.

The main objection goes to the action of the court in entering judgment against Lewis county for $300 damages assessed by the jury in favor of Prentice. It is insisted by him that the county was not a party to

the proceedings and that this judgment could not be entered against it, is, therefore, invalid, and can not be enforced by the appellant; that hence he will be deprived of all damages for the injury to his farm by opening the road. The road may be opened through the appellant's farm only on the payment of his damages by the county court. But that court has a discretion in the matter and may pay them or not. If it refuses to pay out of the county funds and the sum originally deposited by the petitioners, or which they afterwards deposit, is insufficient, the road can not be opened. [Strahan v. County Court, 65 Mo. 644; Bell v. Id., 61 Mo. App. 173.] If the court elects to open it, the county becomes bound to pay the damages. [Forsyth v. Heege, 61 Mo. App. 277.] It was decided in the case last cited that if, in the condemnation proceedings, an appeal is taken to the circuit court, the county court, after the decision above, may exercise its election to pay the damages finally assessed and open the road, or refuse and dismiss the proceedings, and this is a reasonable construction of the law; for on appeal greater damages may be awarded than it is to the interest of the county to pay to obtain the road. It is argued that the above decision no longer fixes the law on the subject, because it construed statutes different from those now in force, in that the former statutes permitted the county court to make an election after the damages to landowners had been finally assessed; whereas, the present law requires it to be made before commissioners to assess damages are appointed. It is true that the previous law presupposed a decision by the county court as to whether a road was of sufficient public utility to justify the payment of damages awarded, after the award (R. S. 1889); whereas the present law speaks of the court finding that a proposed road is "of such great public utility as to warrant the opening and establishing, or change, at the expense of the county," prior to the appointment of freehold com-

missioners. [R. S. 1899, sec. 9417.] And the same question is alluded to as being for the county court's determination before it orders the Road Commissioner to view, survey and mark out the road. [R. S. 1899, sec. 9416.] But the statutes still intend, as they did before, that the court may decide about incurring the expense after. damages have been awarded and their amount is known; for it is said "the court shall pay the damages, or if the court refuses to pay the damages and the petitioners have paid the damages, the road shall be ordered established and opened." [R. S. 1899, sec. 9418.] The right of the county court to refuse to pay after final award, is recognized in that section; and we think the sound interpretation is that the law has undergone no change in this regard. To hold as the respondent's counsel insist we should, would bind a county court to pay out of the public funds any expense entailed by opening a road, no matter how exorbitant were the damages finally assessed, if commissioners are appointed. The court only becomes bound when it finally orders the road opened. It follows that the judgment of the circuit court in the present case against the county for the amount of damages assessed in Prentice's favor, and awarding execution therefor, was erroneous, in taking away the option of the county court to pay, or dismiss the proceedings for the road. It will be modified here so that payment by the county court of the sum found by the jury in Prentice's favor shall be conditioned on said court's electing to order the road opened through his farm. All concur.