STATE ex rel. GALBRAITH et al., Appellants, v. McCUTCHAN et al., Respondents.

St. Louis Court of Appeals, June 5, 1906.

1. **JURISDICTION: Supreme Court.** In a proceeding originating in a county court to open a road, where the contest is over the right to take private property for a road, the title to the real estate is so far involved that the jurisdiction is in the Supreme Court, though it is not determined in the present case that the Court of Appeals is without jurisdiction.

2. **COUNTY COURTS: Roads and Highways: Findings of County Court.** Where a county court in a proceeding to open a public road made a finding that it would be of "great public utility," this express finding excluded a constructive finding, from the fact that the court ordered the road commissioner to view, survey and mark out the road and appointed a board of freeholders to assess damages, that the road was of "sufficient public utility to justify its maintenance at the county's expense," and did not justify a conclusion that the road ought to be opened or ought to be maintained at the public expense.

3. ——: ——: Discretion of County Court: Mandamus. A county court having discretion to dismiss a proceeding to open a public road, mandamus will not lie to control its action in that regard.

Appeal from Lewis Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

AFFIRMED.

*Richard J. McNally* for appellants.

(1) The demurrer should have been overruled. Bell v. County Court, 61 Mo. App. 173; United States v. Windom, 19 D. C. 54; State ex rel. v. Baker, 32 Mo. App. 98; State v. Meyers, 30 Mo. 601. Mandamus will lie to compel county judges to pay warrants ordered by them. State ex rel. v. Judges, 48 Mo. 475; Veal v. County Court, 15 Mo. 412. Nor could the county court vacate or set aside its said judgment after the term of court at which it was rendered passed. State ex rel. v. Renick, 157 Mo. 299. The writ further avers that after all the proceedings aforesaid were set in motion by said county court that it is now estopped to deny or withdraw or reverse its own judgment and findings, and that it is the clear duty of said county court to enter an order of record requiring and directing that said road be opened upon the payment of the damages and costs by petitioners. All these allegations that are well pleaded are necessarily admitted by the demurrer. Dodson v. Lomax, 113 Mo. 555, 21 S. W. 25; Verdin v. St. Louis, 131 Mo. 26, 33 S. W. 480, 36 S. W. 52. (2) The county court placed a grossly erroneous construction upon the law. That mandamus may issue where an inferior court places a misconstruction upon a law, is held by many adjudications: Castello v. St. Louis Court, 28 Mo. 259; State ex rel. v. Laughlin, 75 Mo. 358; State ex rel. v. Court of Common Pleas, 73 Mo. 560; Hanel v. Freund, 17 Mo. App. 618; In re Wilson, 95 Mo. 184; Carr v.

Dawes, 46 Mo. App. 598. (3)   The action of the county court in dismissing the cause was an abuse of assumed authority.   Bullock v. Cook, 28 Mo. App. 222; State v. Parker, 106 Mo. 217, 17 S. W. 180; Collins v. Glass, 46 Mo. App. 297.

*Marchand & Rouse* and *R. B. Noel* for respondents.

(1)   Appellants are seeking to have the circuit court compel the county court to perform a specific, to-wit: to enter an order of record requiring and directing that said road be opened upon the payment of the damages and cost by relators.   This cannot be done. State ex rel. v. County Court, 41 Mo. 221; Trainer v. Porter, 45 Mo. 336; State ex rel. v. Byers, 67 Mo. 709; State ex rel. v. Court of Appeals, 87 Mo. 374; State ex rel. v. Flad, 108 Mo. 641, 18 S. W. 1128.   (2)   The alternative writ shows that the county court had not found that the road was of such great public utility as to justify the opening of same at the expense of the county, and it shows that the petitioners had not paid the ascertained damages and costs unto the county treasury for the use of the said Wm. H. Prentice.   Hence the county court had no legal authority to make the order as asked by the appellants.   High's Extraordinary Legal Rem. (3 Ed.), 20.   If the court looks to the petitioners for the expense, it has no right to make the order until the amount is so deposited.   Shoddy v. Pettis Co., 45 Mo. 64; Strahan v. County Court, 65 Mo. 645; Bell v. County Court, 61 Mo. App. 179; Galbraith v. Prentice, 109 Mo. App. 504, 84 S. W. 997.   (3)   The county court had complete jurisdiction of the subject-matter and acted in the premises and had entered a legal and final judgment and this writ will not lie to compel it to vacate and set aside the same. Dunklin County v. County Court, 23 Mo. 454; State ex rel. v. Lafayette Co. Court, 41 Mo. 225; State ex rel. v. Smith, 105 Mo. 9, 16 S. W. 1052; State ex rel. v. Cramer, 96 Mo. 83, 8 S. W. 788; State ex rel. v. Rom-

bauer, 125 Mo. 635, 28 S. W. 968. The county court had complete jurisdiction and authority to decide the case; and it has decided the matter; and mandamus will not lie to compel it to reverse its decision. State ex rel. v. Young, 84 Mo. 90. (4) The county court had the authority to pay the damages assessed and order the road to be opened or dismiss the proceedings altogether and the offer of the petitioners to pay the damages did not make it obligatory upon the county court to order the road opened. Bell v. County Court, 61 Mo. App. 179; Forsyth v. Heege, 61 Mo. App. 280; Strahan v. County Court, 65 Mo. 645; (5) While the circuit court exercises a superintending control over the county court it has no authority to determine for the county court what judgment it shall render or to require it to reverse its decision. State ex rel. v. Gregory, 83 Mo. 136; State ex rel. v. Megown, 89 Mo. 157.

GOODE, J.—An alternative writ of mandamus was issued at the suit of the relators against the respondents as justices of the county court of Lewis county, commanding respondents to make and enter of record in due form an order that a certain public road be opened and established upon the relators' first paying to the treasurer of Lewis county the ascertained damages to William H. Prentice and the proper costs, or show cause against the command of the alternative writ at the September term, 1905, of the circuit court of said county.

A demurrer was sustained to the alternative writ and relators having refused to plead further final judgment was entered in favor of the respondents from which judgment this appeal was prosecuted.

The alternative writ describes the course of the public road which relators desired opened, states facts showing that Lewis County Court had acquired jurisdiction of a proceeding to open said road, and at its August term, 1901, had found that the probable expense of locating the road through the lands of Williams H. Prentice would

be $75, whereupon the relators deposited $75 with the treasurer of Lewis county to the use of Prentice, who was the only individual through whose lands the proposed road would run who refused to relinquish the right of way for it; that on said deposit being made, the county court ordered the road commissioner of said county to survey and mark out said road, perform the other duties required of him by law, and make a report at the next term of the county court; that the commissioner reported at the November term, 1901, of said court, showing the location and survey of the road, the lands through which it would run, that the right of way had been given by all land-owners except Prentice, who refused either to convey the right of way through his farm or agree on the amount of damages he would sustain from opening the road; that at the same term the county court found Prentice had refused to accept the amount deposited by relators (petitioners in the original preceeding to open the road) and said county court further found that said proposed road was of great public utility and appointed three freeholders to view Prentice's premises and assess his damages; which having been done, the commissioners reported to the February term, 1902, of the county court a description of the tracts of land to be affected by the road and the damages assessed in favor of each one who had not relinquished the right of way; that said commissioners assessed Prentice's damages at $275; that Prentice filed an exception to said report at the same term of court; whereupon the cause was continued to the May term, 1902 and Prentice's exception was tried before a jury of freeholders and his damage assessed at the sum of $500. Whereupon it was ordered that the proposed road be opened and established upon the payment by petitioners (relators in this proceeding) of said damages and costs; that thereafter Prentice took an appeal from said judgment of the county court assessing his damages, to the circuit court, wherein there was a trial anew of his damage at the Septem-

ber term, 1902, of the court, before a jury, and a verdict was returned assessing his damages at the sum of $300; that thereupon it was ordered and adjudged by said circuit court that Prentice have and recover of Lewis county the sum of $300, together with his costs expended in his trial in the county court and that Lewis county recover of Prentice its costs expended at the trial in the circuit court, and that execution issue therefor; that Prentice appealed from said judgment to the St. Louis Court of Appeals, and at the October term, 1904, of the last named court, said judgment of the circuit court was in all things affirmed, except that it was modified so as to leave it to the discretion of the county court of Lewis county whether the damages and costs of opening the said road would be paid out of the county funds; that thereafter at the May term, 1905, the relators appeared before the county court, of which the respondents were judges, and applied to said county court for an order that said road be opened at the expense of Lewis county, which application was denied; that thereupon relators offered to pay all the damages and accrued costs in the cause, but the county court announced that under the opinion of the St. Louis Court of Appeals it was the duty of said county court to order the road opened at the expense of Lewis county or dismiss the cause and they had no discretion to order the road opened upon payment of damages by relators; that the county court arbitrarily ordered all proceedings in the cause dismissed; that the offer of relators to pay the damages and costs does not appear on the record of the county court for the reason that one of its judges ordered the clerk not to make an entry of the offer, wherefore affidavits were filed with the petition for the alternative writ of mandamus to supply said omission from the record. The alternative writ further alleges that the opinion of the St. Louis Court of Appeals did not take away from the county court its power to order the road opened if the relators would pay the damages and costs; that the dis-

cretion vested in said county court to determine whether or not said road was of sufficient public utility to warrant its establishment had already been exercised and expressed by that court in its order that it would direct said road to be open upon payment of damages and costs by the petitioners (relators); that such finding and judgment of the county court rendered its duty to order said road opened upon payment of damages and costs by relators a ministerial duty; that relators are now ready and willing to pay all damages and costs as a condition precedent to the opening and establishment of said road; wherefore the alternative writ ordered the county court to enter an order of record for the opening and establishment of said road or show cause to the contrary.

No suggestion against the jurisdiction of this court has been made in the present case, nor was any made in the case out of which it grew. [Galbraith v. Prentice, 109 Mo. App. 498, 84 S. W. 997.] Nevertheless, on reflection we are inclined to doubt our jurisdiction in the former case. The Supreme Court hears appeals in proceedings to open roads through private lands. [Bennett v. Hall, 184 Mo. 407, 83 S. W. 439.] The two courts of appeals have heard such cases too. [Aldrich v. Spears, 40 Mo. App. 527; In re Gardiner, 41 Mo. App. 489.] But if the contest on the appeal is over the right to take private property for a road, our opinion is that the title to real estate is so far involved that the jurisdiction is in the Supreme Court. In Galbraith v. Prentice, supra, the only matter in controversy in the circuit court was the amount of damages that ought to be awarded to Prentice; and though of course, his land would be subjected by the condemnation to an easement for the highway, it did not occur to us that probably this circumstance affected our jurisdiction.

The present proceeding is of a collateral character and the judges of the county court are the respondents. That court misconceived the opinion delivered in Galbraith v. Prentice when it ruled that our decision left no

alternative but to order the road opened at the expense
of the county or dismiss the entire proceeding. No
statement in the least suggesting such a thought can
be found in the opinion, which recognized the third con-
tingency, namely; the opening of the road at the ex-
pense of the petitioners. But if the county court had
power to dismiss the proceeding, it matters not that it
did so for an erroneous reason. The error cannot be
corrected by mandamus. Mandamus would not lie if
there is a right of appeal from the dismissal obtained
in favor of the relators, who were the petitioners in the
proceeding to open the road. It has been decided by the
Supreme Court that petitioners for the opening of a
highway cannot appeal from an order refusing to open
it. [Aldridge v. Spears, 101 Mo. 400, 14 S. W. 118.]
Yet we find a later case in which an appeal by petition-
ers from a judgment of a circuit court, whither a road
case had gone on appeal from a county court, was en-
tertained by the Supreme Court though the appeal was
taken from a judgment dismissing the petition. [Ben-
nett v. Hall, supra.] Waiving this point, we turn to
the inquiry of whether or not the county court was
bound to have the road opened after the rendition of the
judgment of the circuit court and its modification and
affirmance by this court. In Bell v. County Court, 61
Mo. App. 173, it was determined that mandamus would
not lie to compel a county court to order the opening of
a proposed public road though the petitioners were wil-
ling to pay all damages incident to the opening, for the
reason that it is incumbent on a county court to deter-
mine whether a road is of sufficient public utility to
justify, not only opening it, but maintaining it at the
expense of the county; and that as the offer of the peti-
tioners was only to pay the damages caused by the open-
ing, the county court was not bound to open the road, but
might dismiss the petition if, in its judgment, the burden
of maintenance was greater than the county ought to as-
sume. That case and Strahan v. County Court, 65 Mo.

644, treat the action of a county court in determining whether or not a proposed highway will be of sufficient public utility to justify opening and maintaining it at public expense, as a question involving judicial discretion and not to be controlled by the writ of mandamus. But it is contended for the relators that in ordering the road commissioner to view, survey and mark out the road, and in appointing a board of freeholders to assess damages, the county court determined, in effect, that the road was of sufficient public utility to justify its maintenance at the county's expense; whereby this matter became adjudicated and could not subsequently be changed. The averment of the alternative writ is not that the county court found the road was of sufficient public utility to justify either its opening or maintenance at the expense of the county, but that the county court made a finding that it would be of great public utility. That court never contemplated opening the road at public expense, but always at the expense of the petitioners. Its express finding regarding the public utility of the road excludes the theory of a constructive finding by having the route marked and the damages to property assessed. Now what the court expressly found embraced neither the conclusion that the road ought to be opened or ought to be maintained at public expense. In Aldrich v. Spears, 40 Mo. App. 527, 530, it was held that in determining this question of the public utility of a road, the county court does not act in a judicial capacity, nor does its decision constitute *res adjudicata.* This conclusion was reached on the ground that if one petition for a road is dismissed on a finding that the proposed road lacks utility to justify opening it and maintaining it at public expense, the county court may immediately entertain a new petition and decide to the contrary. The ruling was apparently indorsed by the Supreme Court, to which the cause was certified. Aldrich v. Spears, 101 Mo. 400, 405. It is difficult to reconcile this doctrine with the rulings in the Bell and

Strahan cases, unless the discretion spoken of in the latter cases is ministerial and not judicial. Be it either, other tribunals ought not to determine how it shall be exercised. The Aldrich case also holds in emphatic language that no appeal lies from the refusal of a county court to open a road, and puts the decision on the ground that the whole matter is within the county court's discretionary control and not to be interfered with by other tribunals.

The relief the relators seek in the present proceeding is to compel the county court to open the road along the lines marked out by the county road commissioner or have that officer do it. In the light of the adjudications cited, we deem it improper to control the county court's action in that regard by mandamus. Relators say that tribunal had no power to dismiss the proceeding at a term subsequent to the one at which it had entered an order for the opening of the road on the payment of Prentice's damages by the petitioners. This point need not now be determined.

The judgment is affirmed. All concur.