JOHN SUMMERS et al., Appellants, v. W. C. CORDELL et al., Respondents.

Springfield Court of Appeals, May 5, 1913.

COURTS: Jurisdiction: Establishing County Road: Injunction Against: Supreme Court's Appellate Jurisdiction. An action to enjoin the opening of a roadway, where the validity of the proceedings establishing the same is questioned, is within the appellate jurisdiction of the Supreme Court and not of the Court of Appeals, since the title to real estate is involved.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans*, Judge.

Transferred to the Supreme Court.

*J. N. Burroughs* for appellants.

(1) Injunction will lie to prevent the opening of a road on a void order. Carpenter v. Grisham, 59 Mo. 247; Jones v. Zink, 65 Mo. App. 409; Spurlock v. Dornan, 182 Mo. 242. (2) Every jurisdictional fact must appear on the face of the record. Spurlock v. Dornan, 182 Mo. 242; Jones v. Zink, 65 Mo. App. 409. (3) Pro-

ceeding is void when record fails to show that commissioners were not of kin, not interested in the matter and are resident freeholders.  Jones v. Zink, 65 Mo. App. 409; City of Tarkio v. Clark, 186 Mo. 298; Grossman v. Patton, 186 Mo. 669.

No brief for respondents.

FARRINGTON, J.—On December 4, 1911, appellants filed their petition in the circuit court of Howell county against the respondents, Cordell, Vaughn and Ballew, as members of the county court, and Offield as road overseer, alleging that said county court had entered an order of record, ordering and establishing a new public road in Spring Creek township (describing the road), and requiring Offield as road overseer to open said road at the expiration of one hundred days from the date of such order; that plaintiffs are landowners along the proposed new public road and that each refuses to give the right of way for said road; that the said Offield as overseer is threatening to open said road and is about to proceed to open the same, and will, if not prevented by order of the court, proceed immediately to open said road, to tear down the fences of these plaintiffs and move the same back a sufficient distance to acquire land for said road, and will appropriate the land of these plaintiffs for such purpose.  It is then alleged in the petition that the said order of the county court is wholly void, setting forth numerous reasons, all of which go to the validity of the proceedings of the county court.  The prayer is for injunctive relief.

Defendants for answer denied each and every allegation of the petition except that they are the officers charged in the petition and that they are proceeding to open the road in question, but that they are proceeding under a valid order of the county court.

Upon a hearing before the trial judge, the plaintiffs' petition was dismissed.  Among other grounds

alleged in plaintiffs' motion for a new trial, is the following: "Under the law and the evidence the order of the county court opening the road in question was wholly void." Appellants in their statement, in their brief, and in their argument forcefully contend that the order of the county court opening the road was wholly void.

Under the ruling in the case of Monroe v. Crawford, 163 Mo. 178, 63 S. W. 373, it is clear that the appeal herein should have been lodged in the Supreme Court. It is the well-established rule that an action to enjoin the opening of a road, where the validity of the proceedings establishing the same is questioned, is within the appellate jurisdiction of the Supreme Court as involving the title to real estate. The order of the county court in this case, if permitted to stand, would charge appellants' real estate with an easement, and thereby establish a public highway over their land in favor of Howell county; and the order would divest that much of the title and interest in and to said land out of appellants and invest the same in Howell county. [State ex rel. Gavin v. Muench, 225 Mo. l. c. 227, 124 S. W. 1124. See, also, State ex rel. Galbraith v. McCutchan, 119 Mo. App. l. c. 75, 96 S. W. 251.] Under the statute (Sec. 3938, R. S. 1909) this cause is ordered transferred to the Supreme Court. All concur.