———O———

HORACE CARPENTER, Respondent, *vs.* JOHN W. GRISHAM, Appellant.

1. *County roads—Establishment of by overseer—Failure to comply with preliminary requirements, as to assessment of damages, notice, etc.—Trespass—Injunction, when granted—County, joinder of, as defendant.*—Where a road overseer takes possession of private land for a public highway without any relinquishment of the right of way, assessment of damages, tender of compensation or legal notice or waiver thereof, although he acts under orders of the County Court, he may be proceeded against by injunction. And this remedy will lie without prior resort to suit at law. And where the proceedings of the County Court are nullities, he may be sued either by injunction or for trespass. And where a road has been established, or ordered to be opened, it is too late to comply with the statutory requirements as to assessment, tender of damages, etc.; and the injunction is properly made perpetual.

In such suit, the County Court should properly be made co-defendant with the road overseer.

2. *Injunction—Nuisance—Exhaustion of legal remedies, etc.*—The rule that one must establish his right to redress in equity by prior action at law, applies specially where the aid of the chancellor is invoked to restrain nuisances. And even in such cases, it is held that this rule prevails only where the right itself is in dispute or doubtful.

### *Appeal from De Kalb Circuit Court.*

*Strongs & Bennett Pike*, for Appellant.

I. Trespass will not lie against a road overseer who is attempting to open a road under the order of the County Court. (Butler vs. Barr, 18 Mo., 357.) Of course, if trespass would not lie against defendant for the acts complained of by plaintiff, an injunction would not lie to restrain him from doing the acts or threatening to do them.

II. The sole object of this suit is an injunction, which the law does not allow, there being no suit in trespass, nor any prayer in the bill, for an account or compensation. (Welton vs. Martin, 7 Mo., 307.)

III. A party complaining of a tort, must have established his right to a redress by an action at law before he is entitled to a perpetual injunction. (Arnold vs. Klepper, 24 Mo., 277; Echelkamp vs. Schrader, 45 Mo., 505.) The principle of relief by injunction against a tort, is that damage is caused or threatened to property admitted or legally adjudged to be plaintiff's. (Ad. Eq., p. 207.)

IV. The bill was not brought against the proper parties. The County Court is the proper party to the bill, if the order under which the overseer is acting, in opening a road, is not a nullity.

V. If there is any irregularity in the proceedings, or non-compliance with the law on the part of the court, they will only be enjoined till such time, as they should have complied with the law. It would be error in such a case to make the injunction perpetual. (Champion vs. Sessions, 2 Nev., 271; High Inj., p. 226.)

*Wm. Henry*, for Respondent.

I. The legal steps necessary to authorize the seizure of the land, were not taken. (See Gen. Stat. 1865, p. 290, § 1; p. 296, §§ 48–50; p. 219, §§ 8–11; Newby vs. Platte Co., 25 Mo., 258; Walther vs. Warner, *Id.*, 277; High Inj., 225; Lind vs. Clemens, 44 Mo., 540.)

II. A court of chancery will always enjoin to prevent the taking of land without just compensation. (Hil. Inj., 2 Ed., 566, § 25, and 520, § 23; Sederner vs. The Norriston, etc., Turnp. Co., 23 Ind., 623; Smith's Com. Constr., 473–476, and authorities cited.)

III. It is now a well settled principle of equity jurisprudence, that the remedy by injunction is allowable against a mere trespasser, when the injury sought to be averted goes to the destruction of the inheritance, or is otherwise irreparable in its character. (Echelkamp vs. Schrader, 45 Mo., 505; Weigel vs. Walsh, 45 Mo., 560.)

Hough, Judge, delivered the opinion of the court.

This was a proceeding by injunction to restrain the defendant, who was a road overseer in De Kalb county, from occupying a portion of the plaintiff's land, lying in defendant's district, and laying out a public road thereon, and from tearing down his fences, destroying his fruit and ornamental trees, and filling up his well for that purpose.

The road commissioner had laid out the road along the half section line, which was the eastern boundary of plaintiff's land, and on February 4th, 1868, made report thereof, together with a plat showing the location of the road. Whereupon the County Court, on the same day, ordered the road overseer of the district, through which said road ran, to proceed to open the same as required by law.

In May, 1871, the County Court made another order for keeping open and removing obstructions from said road, and defendant was acting under this order at the time plaintiff made application for injunction. There was no relinquishment of the right of way by the plaintiff, or his grantors, and there was no assessment of damages by the commissioner, as

required by law, and no money had ever been tendered to or deposited for the plaintiff or his grantors, as damages or compensation for the strip of land proposed to be taken.

A temporary injunction was granted and afterwards at the hearing, a final judgment was rendered, making the same perpetual, from which defendant has appealed to this court.

It will not be necessary to notice the testimony as to the amount of land proposed to be taken, and the true position of the half section line, with reference to the plaintiff's fences and improvements, as the judgment of this court will be governed by other considerations.

If the land proposed to be taken was within the limits of the road as located, the rights of the parties will depend upon the force and effect of the proceedings, had for the purpose of opening the road ; and if it was not within said limits, then the defendant clearly had no right to appropriate it for the purposes of a public highway.

It is urged by the appellant that the order, appointing an overseer to open a road, is sufficient to protect him, as to acts done in good faith in opening the road, from liability as a trespasser on account of any irregularity in the proceedings previous to the order; and that, therefore, an injunction will not lie to restrain him from the threatened or attempted execution of permanently injurious acts, when such order exists.

I do not think so. The very fact that he could not be sued at law, would be a good reason for affording this remedy to prevent the unlawful commission of injuries of a permanent and irreparable character, for which there would otherwise be no redress.

If the proceedings of the County Court were nullities as to the complainant, I apprehend the overseer might be liable as a trespasser, and also subject to the wholesome restraint of a court of equity. Nor was it necessary for the plaintiff, before bringing his bill, to establish his right to redress by an action at law, as is contended by appellant's counsel. That doctrine is more particularly applicable, where the interference of

equity is invoked in restraint of nuisances; and even in respect to such cases, it is said that the modern doctrine of courts of equity is much more liberal than the ancient, and that the rule requiring the right to be first established at law, prevails only where the right itself is in dispute, or is doubtful. (High on Inj., § 516.)

In this case, the title and possession of the plaintiff, though denied in the answer, were not disputed on the trial, and are admitted here.

The character of the impending injury afforded ample ground for the interposition of a court of equity, if the plaintiff's right had not been legally divested for the public benefit. It involved the permanent appropriation to the public use of a portion of the plaintiff's inheritance; a complete and entire divestiture of all his rights in, and control over, the same. No injury to land could be more irreparable, for it was the extinguishment of the estate itself.

There can be no question, but that the taking of private property for the construction of highways, without any tender of compensation, or assessment of damages, when required by law and not waived by the party, affords good ground for equitable relief. (High on Inj., § 400.)

In this case there was no relinquishment of the right of way, no assessment of damages, no tender of any compensation, no legal notice to defendant or any of his grantors, no waiver, and therefore no authority whatever to justify the attempt to transfer the use and possession of the land in question, from the plaintiff to the public. (Gen. Stat. 1865, ch. 52, § 11.)

Appellant further insists that, at all events, it was error to make the injunction perpetual, and that it should have been continued only until such time as the officers of the law should comply with its requirements as to the assessment and tender of damages.

Cases may arise where such a decree would be proper; but it would have been improper in this case. The road having been established, or ordered to be opened by the County

Court, without taking the necessary steps provided by the statute, to give validity to its action as to plaintiff, it is now too late to assess damages in that proceeding. The right to use his property for the benefit of the public, can only be acquired by the institution of new proceedings in conformity to the statute.

Regularly, the County Court should have been a party ; but no objection was made in the court below, on that account, and the injunction decreed, with the views here expressed, will probably accomplish all that would result from such decree, if the county were a party.

We are all of the opinion that the decree shall stand. Judgment affirmed.