FULLER HARRIS, Respondent, v. TOWNSHIP BOARD ET
AL., Appellants.

**Kansas City Court of Appeals, May 24, 1886.**

1.    PRACTICE—FINDINGS OF TRIAL COURTS—CASE ADJUDGED.—While in cases like this (in equity), appellate courts will examine the testi-

mony for themselves, yet it is the constant practice to defer to the trial courts in their findings on matters of fact, and as there was evidence, in this case, sufficient to sustain the finding of the court below, this court will not disturb the result, nor consider objections to evidence, urged here, which were not made in the court below.

2. INJUNCTION—CHARACTER OF INJURY THREATENED—CASE ADJUDGED. In this case it is not essential that the injury threatened shall be irreparable to warrant a resort to an injunction. And in a oase like this where injuries are threatened, of the nature set forth in this petition, it is not necessary to aver or prove the defendant insolvent. Such injuries are irreparable in a legal sense.

APPEAL from Caldwell Circuit Court. HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

This action was begun Aug. 25, 1882. The object was to obtain a restraining order. The petition stated that plaintiff was owner of the northeast quarter of the northwest quarter of section 10, in Gomer township; that the defendant, McMillan, is overseer of road district No. 2, in which the land is situated; that the township board of Gomer township about May 10, 1882, ordered McMillan "to open a road over twenty feet of plaintiff's said land, on the north side thereof, to be used and appropriated to public use;" that McMillan threatens to, and is about to proceed, under said order, to open such road, to tear down fences, destroy crops, appropriate the land for road purposes, and do irreparable damages; that the land had never been condemned for road purposes, nor had the owners granted or dedicated a right of way over the same; that if defendants be not restrained his damages will be irreparable. It then prays for an injunction.

A temporary injunction was granted, and made perpetual, on trial, restraining defendants from opening the road over his land. The answer was a general denial, except as to the allegations that McMillan was overseer, and that Gurley, Nichols, and Kinney are township board.

CROSBY JOHNSON, for the appellant.

I.   There is no averment or proof that defendants were insolvent.   Hence injunction will not lie unless the injuries done are of such a character that an action for damages would not have afforded full legal relief.

II.   The record does not show that the condemnation proceedings were void; but they are undoubtedly good as far as they go.

III.   The fact of township organization is not sufficiently alleged.   The cases say that it must allege that it is a municipality.

IV.   The court erred in finding against the township. Without any evidence to sustain it, it found the township guilty of the charges made in the petition.

O. J. CHAPMAN, for the respondent.

I.   The non-user by the public for a period of ten years, continuously, of any public road, under the statute, is an abandonment of the road.   Sect. 6987, Rev. Stat.

II.   The appropriation to public use of plaintiff's land would have been an irreparable injury; it would have amounted to an extinguishment of the estate. *Carpenter v. Gresham*, 59 Mo. 247; *Neigel v. Walsh*, 45 Mo. 560; *Echelkamp v. Schroder*, 45 Mo 505.

III.   The taking of private property for highways without any tender of compensation or assessment of damages, when required by law, and not waived by the party, affords good ground for equitable relief.   High on Injunctions, sect. 400.

IV.   If the facts alleged show the damage would be irreparable, then insolvency of defendant need not be alleged.   *McPike v. West*, 71 Mo. 199.

V.   A mere trespasser may be enjoined, when the injury goes to the  destruction of the inheritance, or is otherwise irreparable, so as to permanently impair the enjoyment of the property in the future.   *Echelkamp v.*

*Schroder*, 45 Mo. 505; *Ibid*, 560; *Wahle v. Reinbach*, 76 Ill. 326.

ELLISON J.—There was evidence in this case sufficient to sustain the finding of the court below, and we will not disturb the result. While in cases of this nature appellate courts will examine the testimony for themselves, yet it is the "constant practice to defer, to some extent, at least, to the trial courts in their findings on matters of fact." *Chapman v. McIlwrath*, 77 Mo. 38. Objections to evidence, urged here, were not made in the court below, at least, none are shown by the abstract presented, and we will not, therefore, consider them.

I. Defendant maintains that there was no allegation or proof that Caldwell county had adopted township organization. But he does allege the existence of a township board in point of fact, and the answer admits it. So if *the* township board, alleged by plaintiff, and admitted by defendant, was in fact threatening to appropriate plaintiff's land, to tear down his fences and destroy his crops, an injunction may properly issue to prevent it, whether there had been a legal adoption of township organization by Caldwell county or not.

II. It is next insisted by defendant that the judgment should be reversed because there is no allegation or proof of the insolvency of the defendants, or that the injury threatened would be irreparable. In this state it is not essential that the injury threatened shall be irreparable, to warrant a resort to an injunction. *The State Savings Bank v. Kercheval*, 65 Mo. 682. And in a case like this, where injuries are threatened, of the nature set forth in this petition, it is not necessary to aver or prove the defendant insolvent. *McPike v. West*, 71 Mo, 199. Such injuries are irreparable in a legal sense. *Ib.*

Perceiving no substantial error we affirm the judgment. All concur.