F. M. MEYERS, JULIAN HERNDON, SARA H. McSPADDEN and A. M. McSPADDEN, Respondents, v. J. J. WILLIAMS, WILLIAM JOHNSON, HERBERT HAWKINS, Members of the County Court of Christian County, and CLELL ADAMS, County Surveyor and Highway Engineer, Appellants.

Springfield Court of Appeals, December 20, 1917.

1. **EMINENT DOMAIN: Exercise of Right: Regularity of Proceedings.** In order to exercise the right of eminent domain under the statute, all the requirements must be substantially followed, and every jurisdictional fact must affirmatively appear on the face of the record, and nothing will be supplied by intendment or implication.

2. **HIGHWAYS: Establishment: Payment of Damages: Statutes.** The provision in R. S. 1909, sec. 10437, that petitioners for the establishment of a road shall pay into the county treasury the probable amount of damages, is jurisdictional and cannot be replaced by the filing of a bond.

3. ——: **Remedies at Law: Irreparable Injuries: Insolvency.** Failure of petitioners for the establishment of a road to pay into the county treasury the probable amount of damages, as prescribed by R. S. 1909, sec. 10437, is ground for injunction; it not being necessary to show insolvency.

Appeal from Christian Circuit Court.—*Hon. Fred Stewart*, Judge.

AFFIRMED.

*William L. Vandeventer* for appellants.

*G. Purd Hays* for respondents.

FARRINGTON, J.—The respondents filed their petition in the circuit court asking that the county court and county surveyor and highway engineer be enjoined and restrained from entering the lands of the respondents and from in any manner going upon their lands to locate and establish a public road.

The petition states that one W. A. Aven and others, more than twelve freeholders of Christian county in this State residing within the township, petitioned for a public road; that respondents are the owners of lands over which the road would go; that the appealing members of the county court as a court heard the evidence as to probable damages to landowners and made an order that the petitioners for the road pay into the county treasury the sum of $300 as the probable damages to landowners over whose land the road would go, and contained in the order a direction to the county surveyor and highway engineer to make a survey and report when the damages were paid into the treasury. The petition for an injunction further states that the appellants were proceeding and were about to proceed without requiring the said deposit of $300 and that respondents are without adequate remedy at law, and that the county court is not liable in damages for any act concerning the proposed establishment of said road.

The answer was a general denial.

The records of the county court were introduced in evidence showing that the proceedings to establish said road were regular until the first day of January, 1917, on which date the county court made another order setting aside its former order that $300 be paid in as probable damages, requiring in lieu thereof that the petitioners for the road file a good and sufficient bond to pay all costs and damages assessed, and again ordering the county surveyor and highway engineer to survey the route and make a report.

Appellants in their brief here stand squarely on a question going to the formality of the petition which asks injunctive relief, and cite a number of cases in injunction proceedings where courts have held there must be a showing of insolvency on the part of those who are about to commit trespass or waste or irreparable injury. It is sufficient to say that these cases are inapplicable here as our courts have held that in order to exercise the right of eminent domain under the statute all the requirements must be substantially

followed and every jurisdictional fact must affirmatively appear on the face of the record and that nothing will be supplied by intendment or implication. [Jones v. Zink, 65 Mo. App. l. c. 412.] The statute, section 10437, Revised Statutes 1909, provides that the petitioners shall pay into the county treasury the probable amount of damages to the use of the owners of the land, and that then the court shall make an order requiring the highway engineer to view, survey and mark out the road. This is a requirement which must be complied with in order to give the county court and highway engineer jurisdiction in such matters. And, as before stated, the county court in this case ordered the road to be surveyed and report made merely upon the filing by the petitioners for the road of a bond for the payment of damages. Such a proceeding does not comply with the statute which requires that a deposit of money be made in the treasury.

It is held in the case of Harris v. Township Board, 22 Mo. App. 462, that in cases of this character it is not essential that the injury threatened shall be irreparable to warrant a resort to injunction and that it is not necessary in such cases to allege that the defendant is insolvent as the injuries in a legal sense are irreparable. [See also, Carpenter v. Grisham, 59 Mo. 247, l. c. 251.]

It follows that the county court in failing to comply with the statute in the matter of requiring the probable damages to be paid in money to the treasury had no jurisdiction or authority to order the surveyor and highway engineer to survey the road, and the judgment of the circuit court making the temporary injunction permanent is affirmed. *Sturgis, P. J.,* and *Bradley, J.,* concur.