FRANCES  M.  RIPKEY,  Appellant,  v.  JOHN
GRESHAM et al.

Division One, September 27, 1919.

1. APPELLATE JURISDICTION: Proceeding to Open Road: Injunc-
tion. The Supreme Court has jurisdiction of an appeal from a
judgment of the circuit court dismissing the petition of a wife to
enjoin the county court and highway engineer from establishing,
by a proceeding to which she was not a party, a public road
through lands in which she and her husband owned an estate by
the entirety.

2 PUBLIC ROAD: Estate by Entirety: Wife Not Party. A proceed-
ing to establish a public road through lands owned by a wife and
her husband as cotenants by the entirety, is void as to the wife
who was not notified of the proceeding and did not appeal, al-
though her husband was made a party and contested the establish-
ment of the road.

Appeal from St. Clair Circuit Court.—*Hon. Charles A.
Calvird,* Judge.

REVERSED AND REMANDED (*with directions*).

*Waldo P. Johnson* for appellant.

(1) In a proceeding to establish a public road the petition must be accompanied by the names of all resident landowners. R. S. 1909, Sec. 10435; R. S. 1899, sec 9414; Spurlock v. Dornan, 182 Mo. 242; Bennett .v. Hall, 184 Mo. 407. (2) The word "owner" in statutes of eminent domain is used in a comprehensive sense and includes all persons having any interest in the land. 15 Cyc. 844, 845; Ry. Co. v. Baker, 102 Mo. 553; McShane v. Moberly, 79 Mo. 41; Mantz .v. St. Paul, 52 Minn. 409; Gerrard v. Railroad Co., 14 Neb. 370; McCotter v. New Shoreham, 21 R. I. 43. (3) In proceedings of eminent domain, the wife, holding estate by the entirety, is a necessary party. Holmes v. Kansas City, 209 Mo. 513; Lumber Co. v. Bradfield, 153 Mo. App. 527, 532. (4) The husband cannot bind his wife as agent or otherwise in a road proceeding. Spurlock v. Dorman, 182 Mo. 242. (5) The utmost strictness is required to give proceedings of eminent domain validity. Every essential requirement of the statute must be complied with or such proceedings will be void. Anderson v. Pemberton, 89 Mo. 61; Spurlock v. Dornan, 182 Mo. 242; Nishabotua Drain. Dist. v. Campbell, 154 Mo. 151; Taylor v. Todd, 48 Mo. App. 550; Cunningham v. Railroad, 61·Mo. 33; Rousey v. Wood, 57 Mo. App. 650.

BROWN, C.—This action was instituted in the St. Clair County Circuit Court on May 15, 1915. The plaintiff is the wife of one Joseph G. Ripkey. She and her husband, as tenants by the entirety, own a tract of land in Road District Number Two of St. Clair County, Missouri, upon which they reside. The defendant John Gresham is the road overseer of said road district. The other defendants are the highway engineer and judges of the county court of said county, and

the petitioners in a certain proceeding to establish a public road through said land. The object of the suit is to enjoin the defendants from entering upon said land and opening a public road in pursuance of an order of the county court made upon said petition.

Upon a trial had at the November term, 1915, of said circuit court, there was a finding for the defendants and judgment dismissing the plaintiff's petition, from which, after a motion for a new trial overruled, this appeal was allowed to the Springfield Court of Appeals, where the appellant filed his statement and brief. In the statement the facts relied on are tersely set forth as follow:

"The plaintiff herein was in no manner a party to the proceedings for the establishment of the road. Her name was not listed as an owner of the land, no assessment of her damages was made and she did not appear in such proceeding. Her husband, Joseph G. Ripkey, was listed as the owner of the land, made a party to the proceeding and contested the establishment of the road.

"The trial court dismissed plaintiff's bill, apparently on the ground that plaintiff was estopped by her husband's conduct."

The respondent filed no statement or brief. The Court of Appeals of its own motion certified the cause to this court on the ground that it involved the title to real estate. At the October term, 1916, of this court, Hargus and Johnson, the attorneys of record for respondents in the trial court, appeared and by leave of this court, first had and obtained withdrew from the cause as such attorneys.

There is no question of our jurisdiction in this cause. [Monroe v. Crawford, 163 Mo. 178; Baubie v. Ossman, 142 Mo. 499; Baker v. Squire, 143 Mo. l. c. 99.]

That upon the record as it stands in this court the plaintiff is entitled to the injunctive relief asked in the petition has been settled by this court in the follow-

ing cases: Holmes v. Kansas City, 209 Mo. 513; Spurlock v. Dornan, 182 Mo. 242. The precise question received full consideration in each of those cases, and in each of them we held that the proceeding was void as to the wife who was entitled as cotenant by the entirety with her husband and who was not notified of the proceeding to appropriate the land and did not appear. We accordingly reverse the judgment of the Circuit Court for St. Clair County, and remand the cause with direction to that court to grant the injunctive relief asked in the petition.

*Ragland* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court; all of the judges concur.