THE STATE EX REL. STATE HIGHWAY COMMISSION v. R. A. MOORE and FLORA MOORE ET AL., Appellants.—18 S. W. (2d) 892.

Court en Banc, March 27, 1929.

*John P. McCammon* for appellants.

332

*Willard Hamlin, Edgar Shook* and *Wilkie B. Cunningham* for respondent.

ATWOOD, J.—The State Highway Commission of Missouri brought suit in the Circuit Court of Greene County against R. A. Moore and Flora L. Moore, appellants herein, and others impleaded with them as defendants, the purpose alleged being "to condemn and establish the right of way for a state highway from a point at or near the intersection of Glenstone and Division Street roads, east of the city of Springfield, Missouri, through the County of Greene and through the several parcels of land hereinafter mentioned and described, to a point at or near the intersection of Glenstone and Cherry Street roads in said Greene County, Missouri." The land sought to be taken for right of way purposes and here involved is alleged, in said petition to be situated in Greene County, Missouri, and described as follows:

"Tracts or parcels of land belonging to Robert A. Moore and Flora L. Moore right of way for Federal road eighty feet wide—that part of the Northeast quarter of the Northeast quarter and also of Southeast quarter of the Northeast quarter of Section 19, Township 29 North, Range 21 West, known also as part of Bigbee's Subdivision, lying within a tract of land eighty feet wide, forty feet thereof being on both sides of, parallel to and measured from a surveyed center line which is described as follows: Beginning at a point on the East line of and 635 feet South of the Northeast Corner of Section 19, Township 29 North, Range 21 West, thence South 8° 01' East with forty feet on the West side of the said center line a distance of 146.3 feet, thence South 8° 31' East a distance of 955.7 feet to a point on the East line of and 405 feet South of the Northeast corner of the Southeast quarter of the Northeast quarter of Section 19, Township 29 North, Range 21 West, at the center of Walnut Street, containing new right of way .25 acres being off the east side of Lot 5, W. T. Bigbee's Addition to Springfield, Greene County, Missouri."

In accordance with the prayer of the petition commissioners were appointed to assess damages, and in the latter part of July, 1927, their report was filed awarding the above-named defendants damages in the sum of five hundred dollars. On August 4, 1927, defendants filed motion to require plaintiff to make its petition more definite and certain, which motion was overruled. On August 6,

1927, and within ten days after the commissioners' report was filed, defendants filed exceptions thereto. On February 27, 1928, defendants filed a motion to dismiss the condemnation proceeding for want of jurisdiction, which motion was overruled. The case was thereupon tried to a jury and a verdict for four hundred dollars was returned in favor of said defendants who have appealed from the judgment rendered thereon.

Appellants insist that the trial court was without jurisdiction to entertain the condemnation suit because the land sought to be taken was insufficiently described in plaintiff's petition. Section 1791, Revised Statutes 1919, provides that the petition in a condemnation suit shall set forth "a description of the real estate or other property which the company seeks to acquire." In 2 Nichols on Eminent Domain, Section 399, page 1068, it is said:

"The petition must contain an accurate description of the land sought to be taken, so that the extent of the claim will appear on the record. This description should be, it is sometimes said, as accurate as is required in the case of a deed of land. At any rate it must be such that a surveyor could locate the parcel described without the aid of extrinsic evidence."

The petition in this case quite definitely locates the center line of the proposed eighty-foot right of way for the highway on the east line of the Northeast quarter of Section 19, Township 29 North, Range 21 West. It also describes the property of defendants proposed to be taken as "that part of the Northeast quarter of the Northeast quarter and also of Southeast quarter of the Northeast quarter of Section 19, Township 29 North, Range 21 West, known also as part of Bigbee's Subdivision, lying within a tract of land eighty feet wide (this being the right of way the center line of which is definitely fixed as above stated), . . . containing new right of way .25 acres being off the east side of Lot 5, W. T. Bigbee's Addition to Springfield." The petition in question named other defendants and sought to condemn other tracts of land, so it is not abstracted here in full. While not shown in the abstract of the petition contained in the record before us it does appear in appellant's motion to require plaintiff to make its petition more definite and certain, which is a part of the record, that as to some of the tracts sought to be condemned the "Old Right of Way" was set out in the petition and its area given as well as the "New Right of Way" and its area. In dealing with appellant's land the petition apparently does not set out the old right of way or state its area, but the exact area and location of the new right of way appear as ".25 acres being off the east side of Lot 5, W. T. Bigbee's Addition to Springfield," and of course, it was the new right of way and not

the old that plaintiff sought to condemn. To be within the west half of the eighty-foot right of way and off of the east side of abutting property the new right of way would have to be just within the west line of the proposed eighty-foot right of way. From the contents of the petition "a surveyor could locate the parcel described without extrinsic evidence." The description contained in the petition was sufficient to give the trial court jurisdiction of the proceeding, and the motion to make the petition more definite and certain was properly overruled. [State ex rel. Siegel v. Grimm, 314 Mo. 242, 254.]

Furthermore, defendants filed exceptions to the commissioners' report in which they alleged that "said report shows the relators are not seeking to condemn a strip of land twenty feet west of the fence as at present located on and along the east side of defendants' property—but to condemn and have damages assessed for the taking of a strip which begins at a point ten feet west of said fence thence west ten feet on St. Louis Street, thence south to a point twenty feet west of defendants' southeast corner, thence north along a line parallel to and ten feet from the west side of Glenstone Road—the fence of defendants." Defendants also filed a motion to dismiss the proceeding for lack of jurisdiction in which motion they alleged (italics ours) that plaintiff was "*seeking in this proceeding* to condemn a strip of ground which begins on St. Louis Street ten feet west of the northeast corner of defendants' said land so enclosed by them, thence running west ten feet, thence south on a line twenty feet west of defendants' said east line, so enclosed as aforesaid, to Walnut Street, thence east ten feet to a point on Walnut Street ten feet west of defendants' southeast corner, thence north to the beginning. . . . That the commissioners appointed by this court to assess damages, *following the allegations of the petition,* assessed damages accordingly as appears by their report of same filed herein, and for the taking of the said west ten-foot strip of land only." When the motion to dismiss was overruled defendants excepted, but did not further pursue the matters raised therein by objecting to the introduction of any evidence in the case. On the contrary, they proceeded to introduce evidence in their own behalf, examined and cross-examined witnesses and participated in the trial just as though the petition fully and satisfactorily described the ten-foot strip of their land that plaintiff was seeking to condemn. Finally, at the close of all the evidence defendants offered a demurrer in which they said that plaintiff was not entitled to condemn the property sought to be condemned for the reason that "it is separated from the highway attempted to be widened by this proceeding by a ten-foot strip of land extending the full length of defendants' land from Walnut Street to St. Louis

Street, which ten-foot strip so separating it from the highway is owned by them." Having proceeded thus defendants will be deemed to have waived the grounds of their motion. (Shaffer v. Rock Island Ry. Co., 300 Mo. l. c. 501, quoting from Wolz v. Venard, 253, Mo. l. c. 84). And if necessary we could treat the petition as amended to conform with the proof. [Solomon v. Moberly L. & P. Co., 303 Mo. l. c. 634; State ex inf. v. Clardy, 267 Mo. l. c. 381; Sawyer v. Wabash Ry. Co., 156 Mo. l. c. 476.] Even if a more definite description of the land sought to be condemned was needed to give the court jurisdiction, defendants supplied it under the doctrine of "express aider." [State v. Gromer, 252 S. W. (Mo.) l. c. 707; Maysville v. Truex, 235 Mo. 619, 625; Tucker v. Wadlow, 184 S. W. (Mo.) l. c. 70.]

Appellants also assign error in the court's failure to sustain their motion to dismiss the proceeding for want of jurisdiction. In this motion defendants pleaded that the trial court was without jurisdiction to entertain the suit because the strip of land sought to be condemned was separated from the west half of the forty-foot road then in actual use by a ten-foot strip then in the possession of defendants and not sought to be condemned in this proceeding; that no effort was made "to agree with these defendants as to the value of said ten feet of said land next to and adjoining the said forty-foot road;" and that the land sought to be condemned was not described. We have already disposed of the last contention. As for the other two it is enough to say, as far as this motion is concerned, that when it was presented and passed on there was no evidence as to the condemnation or user of the old right of way. Before the motion could have been sustained the court would have had to assume that defendants were the owners of the ten-foot strip immediately east of the tract sought to be condemned. The motion was, therefore, properly overruled.

However, in the trial of the cause defendants introduced records relative to a proceeding had in 1889 to condemn a sixty-foot right of way for highway purposes, which included the ten-foot strip lying immediately east of the ten-foot strip here sought to be condemned, but contended that this proceeding was invalid and that the old right of way extended no farther west of the center line of the proposed eighty-foot right of way than twenty feet, or the west half of the road then in use. Consequently, the first two contentions appearing in the motion to dismiss finally reach us on errors assigned in instructing the jury that the condemnation proceeding of 1889 was valid, and in refusing to instruct that it was invalid. Counsel for appellants say that the judgment was void because the records fail to show that the court found

that the requisite number of properly qualified signers had signed the petition, that the road petitioned for was a public necessity, and that the court found as a fact that the commissioners appointed possessed the requisite qualifications. A number of our decisions are cited in support of this contention, but either on their face or in their last analysis they appear to arise out of direct attacks on judgments, while this is a collateral attack upon the judgment rendered in the condemnation proceedings of 1889. We have rather consistently distinguished the two. Thus in Leonard v. Sparks, 117 Mo. l. c. 117, we said that "proceedings of a judicial nature, to acquire land for public use, when collaterally attacked, are to be viewed and construed with the benefit of the same presumptions of validity and regularity, ascribed by law to other proceedings before the same courts or officers. [Bowman v. Railroad (1882), 102 Ill. 472; Tucker v. Sellers (1891), 130 Ind. 514.] Where an interested party resists such proceedings in the first instance, by direct methods, the courts, undoubtedly will insist on an observance of every substantial requirement of law before divestiture of private title; but in a collateral assault the rule is as above stated." Again in Belk v. Hamilton, 130 Mo. 292, 300, we said:

"Where enough appears to show that the case falls within a class of proceedings which the court has authority to act upon and the parties defendant have lawful notice, the humblest court should be held, in a collateral inquiry touching jurisdiction, to have rightly acted (as other public officers are supposed to rightly act), until, at least, the contrary is made to appear. This was ruled at an early day in Missouri, with reference to road cases and other proceedings before local tribunals. And although that rule has not invariably been followed, we yet consider it the correct rule. It is moreover supported by decisions of the court en banc, which received thorough consideration."

Also, in State ex rel. Brown v. Wilson, 216 Mo. 215, 277:

"We have searched this record for the notice above-mentioned but fail to find it incorporated therein . . . where such court, or a mere ministerial board for that matter, possesses under the law jurisdiction of a certain class of cases, and is required to find the existence of certain facts in pais in order to acquire jurisdiction of a particular case belonging to that class, the law will presume, in a collateral attack upon the judgment, that such facts did exist, and that such court or board passed upon them, as required by the statute. . . . The numerous cases cited and relied upon by counsel for defendant as sustaining his position are cases where the question was raised on appeal from the judgment rendered and not by collateral attack thereon, or where the court had no jurisdiction of the class of cases to which the one on trial belonged."

And in Connors v. St. Joseph, 237 Mo. l. c. 621, we said:

"It is not claimed in the present suit that the persons so appointed as commissioners in the former did not possess the attributes of freeholders. The only claim is that the record there is silent as to this. . . . The court in the street grading case was acting under special powers bestowed upon it by the Legislature outside of the sphere of its general powers. . . . If in so doing the court did appoint commissioners who possessed the qualifications required by the Constitution and the statutes, but failed to evidence that fact by a record entry, it cannot be held that such an omission deprived the court of all power to exercise any further jurisdiction. For if that were true, then the power of the court to proceed with the cause would be made to depend, not on the fact of its rightful action, but solely upon the existence of evidence of such action in the form of a record recital. It may have been error on the part of the court not to keep a complete record of its acts and doings during the progress of that cause . . . still such error did not divest it of all jurisdiction, but was only an error occurring in the exercise of a previously vested jurisdiction. Such errors cannot be reached by collateral attack, whether committed in judicial proceedings under the general or special powers conferred on the circuit court. In either event, the same favorable presumptions arise."

It thus appears that in a collateral attack such as this the presumption of right action on part of court generally obtains and should here extend not only to the objections above noted, but to the further objection made that the commissioners in the proceeding of 1889 did not file their report within the time allowed. This proceeding being valid it was not necessary for plaintiff to endeavor to agree with defendants as to compensation for any land except the ten-foot strip which it sought to condemn, and the effort to reach such an agreement as to this tract was properly alleged in the petition. The trial court did not err in giving the one instruction and refusing the other as above stated.

Appellants also generally assigned error both in the admission and exclusion of testimony, but failed to indicate the particular testimony complained of, or make further reference thereto in their brief. In such case the assignments will be disregarded. [Summers v. Cordell, 187 S. W. (Mo.) l. c. 6.] We see no merit in appellants' assignment that "the verdict was the result of passion and prejudice," nor is it urged in the brief.

No reversible error appearing the judgment is affirmed. All concur, except *Ragland, J.*, not sitting.