CLARENCE B. LOVELAND and FRANC MARIE LOVELAND, Appellants, v. CHRISTIAN COUNTY, MISSOURI.—No. 40377.—207 S. W. (2d) 291.

Division Two, January 12, 1948.

*John M. Bragg* and *G. Purd Hays* for appellants.

*Gordon J. Massey* and *Joe C. Crain* for respondent.

[292] WESTHUES, C.—This is an ejectment suit wherein plaintiffs seek to regain possession of a strip of land being used as a public roadway in Christian County, Missouri. The defendant county filed an answer asserting that the land in question had been legally appropriated for roadway purposes and asked that the plaintiffs be

restrained from molesting or obstructing the use of the land as a public road. The trial court entered a judgment denying plaintiffs' petition and granted relief as prayed for by defendant's answer. Plaintiffs applied to the Springfield Court of Appeals for a writ of certiorari which was granted. That court transferred the case to this court on the ground that Christian County was a party and therefore this court had jurisdiction.

The facts, as far as we are able to ascertain them from the record, are about as follows. In the year 1942, proceedings were instituted in the County Court of Christian County, Missouri, to establish a public road. The strip of land now in question was included in the proceedings and the county court entered a judgment establishing a roadway. The plaintiffs in this case and others appealed to the circuit court. A change of venue was granted and the case was transferred to the Wright County Circuit Court. That court heard the case and also entered a judgment establishing the roadway. That is now a final judgment. Plaintiffs in this case, not being satisfied, instituted proceedings to enjoin the construction of the roadway and to set aside the judgment entered in the Wright County Circuit Court. See Loveland v. Davenport, (Mo. App.) 188 S. W. (2d) 850. Plaintiffs were unsuccessful in that case. The Springfield Court of Appeals ruled that plaintiffs had an adequate remedy at law and therefore a court of equity should not assume jurisdiction.

In the present case plaintiffs contend that the order or judgment of the County Court of Christian County in establishing the roadway showed on its face that the county court did not acquire jurisdiction. It is urged that therefore the circuit court did not acquire jurisdiction. Plaintiff, Clarence Loveland, testified that after the proceedings to establish the roadway terminated an effort was made to construct the road and he brought the injunction suit above mentioned. He further testified that after that suit ended, fences, which had been erected in the meantime, were removed and the county took possession of the land; that he then filed this suit. No other witnesses testified or were called by plaintiffs. In the record we find that plaintiffs' attorney offered to introduce in evidence a certified copy of a judgment of the Circuit Court of Christian County, Missouri. The description of this exhibit, as it originally appeared in the record, referred to the exhibit as being a judgment of the Circuit Court of Wright County, but the word "Wright" was stricken with pen and ink and the word "Christian" interlined. Following this description of the exhibit there appears a typewritten memorandum not certified to by anyone. This memorandum [293] is on a separate sheet of paper pasted into the record. It reads as follows:

"Book 22—Page 603—February 3, 1942. Second Day of February Term, Christian County, Missouri.

'Road petition of Bill Davenport, et al.'

"Road petition of Bill Davenport, et al, filed and being publicly read and found to contain the names of at least, twelve freeholders of Bruner Township, three of whom reside in the immediate neighborhood of said road; Petition being duly sworn to by Bill Davenport:—Notice of said petition filed duly sworn to by Preston Isabell; Said petition is hereby Continued by the Court until Friday, February 6, for further hearing, since NO. Remonstrance has been filed.

"Thereupon the Plaintiffs rested."

In appellants' statement we find the following:

"Appellants contending that the Judgments rendered by the two Courts did not find sufficient facts as to the giving of notice of intended application by Bill Davenport, et al., of intention to file application for a public road. The portion of such judgment by both Courts is in words and figures as follows, towit:

" '. . . that due legal notice has been given of the intended application for a public road to the County Court of Christian County, Missouri, as required by law, as shown by a copy of said notice and return thereof, which said notice and return are on file with the petition herein.'

"Appellants contend that this is not sufficient findings as to notice and does not comply with the Statutes governing notices; and that the notice itself is not proof and that the return thereof is not proof; that the notice itself it not evidence, that the Court should hear evidence as to giving of notice. Attention is called to this that the Court found . . . *that due legal notice had been given as shown by copy of the notice and return* . . . when, as Appellants contend, it should have been found by evidence given in open Court by witnesses under oath; the notice and return being merely *Ex Parte* and not proof."

That is the sole contention made by appellants and the only point briefed. Had defendant, by its answer, not asked for affirmative relief the lawsuit may well have terminated at this point. Plaintiffs wholly failed to sustain the charge that the County Court of Christian County lacked jurisdiction. No evidence tending to prove or disprove such fact was introduced in evidence. The judgment of the Christion *County* Court was not offered in evidence. In fact no certified copy of any judgment was introduced in evidence by plaintiffs.

On behalf of the defendant a transcript of the proceedings in the Circuit Court of Wright County, Missouri, pertaining to the establishing of the roadway over plaintiffs' land, was introduced. In this transcript we find that the judgment of the Wright County Circuit Court, as to notice, does not read as appellants' statement

indicates. The wording of the judgment as to notice as it appears in the transcript is as follows:

". . . that due legal notice has been given of the intended application for a public road to the County Court of Christian County, Missouri, as required by law, *as shown by the evidence herein and as shown by a copy of said notice and the return thereof,* which said notice and return are on file with the petition herein." (Italics Ours.)

Note that the finding of fact that notice had been given was not based solely on a copy of the notice and return thereon as appellants contend, but was based on evidence introduced in the trial of that case in the circuit court. So, according to appellants' own contention the judgment in this respect was sufficient. Furthermore, it must be remembered that we have here a finding of fact, made by a court of record, wherein it was stated that the evidence showed notice as required by law had been given. Appellants in their brief state that the finding of fact as to notice was the same in the County Court of Christian County as in the Circuit Court. The question of the sufficiency of a finding that notice had been given in a proceeding to establish a road was before this court in Reeves et al. v. Green, 282 Mo. 521, 222 S. W. 795, l. c. 798. In that case this court, in an opinion by Graves, J., had the [294] following to say which we find appropriate to the occasion:

"It was also found that 'due legal notice had been given according to law.' The order establishing the road at November adjourned term makes no further findings."

. . . .

"Whatever may have been the early rulings in this state, it is now settled doctrine that the filing or presentation of a proper petition, of which due notice has been given, confers jurisdiction upon the county court in these road cases."

. . . .

"We are dealing with a judgment of the circuit court where there was a trial de novo, and we judge the sufficiency of that judgment, and not the judgment in the county court. As to the county court, we are only concerned in the matter of a sufficient petition and proper notice. With a sufficient petition and proper notice the county court acquired jurisdiction. This would sustain the derivative jurisdiction of the circuit court upon appeal. We then are interested (upon appeal from the circuit court) only in the proceedings and findings there. So go all our recent rulings. There was therefore no error in overruling the motion to dismiss the appeal for want of jurisdiction."

So in this case it is the judgment of the Circuit Court of Wright County that is controlling. This court in Bennett v. Hall, 184 Mo. 407, 83 S. W. 439, expressly held that when a proceeding to establish a public road is instituted in a county court and an appeal is taken to the circuit court the circuit court tries the case de novo including

the question of the sufficiency of the petition and notice. If the evidence shows, so this court held, that a sufficient petition was filed and proper notice given, then it is immaterial as to jurisdiction whether the county court made a proper finding as to such facts. In other words, if the circuit court finds that a petition, sufficient in form, was filed and due notice given such finding is equivalent to a finding that the county court had jurisdiction. We are therefore not authorized in this an ejectment suit to set aside the judgment of the Circuit Court of Wright County for lack of jurisdiction when the judgment of that court shows that the court expressly found from the evidence that a petition was filed and notice given as required by law.

Plaintiffs also claim that the trial court erred in granting an injunction to restrain them from molesting or obstructing the use of the roadway. Plaintiff, Clarence B. Loveland, testified and his evidence was sufficient to authorize the trial court to enter a restraining order. We need not detail the evidence, suffice to say that it showed the road had been obstructed and plaintiffs, through lawsuits and otherwise, were interfering with the peaceful possession of the road.

It follows that the judgment of the trial court must be and is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.