Nathan GREENE, Jr., and Elizabeth M. Greene, His Wife, et al., Plaintiffs-Respondents,

v.

ST. LOUIS COUNTY; John J. Leslie, Highway Engineer, St. Louis County, Missouri; L. Gordon Davis, Maurice Abramson, Thomas C. Dunne, Richard A. Hetlage, Frank L. Martini, James McNary and George E. Bohrer, Constituting the County Council of St. Louis County, Defendants-Appellants,

Kelly Brothers Contracting Company, a Corporation; Southwestern Bell Telephone Co., a Corporation; Union Electric Co. of Missouri, a Corporation; Laclede Gas Co., a Corporation; St. Louis County Water Co., a Corporation, Defendants.

No. 47060.

Supreme Court of Missouri,

Division No. 1.

July 13, 1959.

Motion for Rehearing or to Transfer to Court En Banc Denied Sept. 14, 1959.

Carroll J. Donohue, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for plaintiffs-respondents.

William E. Gallagher, County Counselor of St. Louis County, Robert C. Finot, Assistant County Counselor, for appellants.

HOUSER, Commissioner.

St. Louis County formulated plans and commenced to widen and rebuild a segment of Florissant Road on the assumption that it had a 100-foot right of way. The owners of 21 tracts of land abutting on that segment of Florissant Road contended that the county had only a 60-foot right of way; that they owned and for years had used and occupied the 20-foot strip on each side of the 60-foot right of way and that the county had no right to deprive them of their property without exercising the right of eminent domain. A controversy ensued which resulted in the filing of this action in the Circuit Court of St. Louis County. Plaintiffs are the 21 landowners. Defendants are St. Louis County, its highway engineer, the members of its council, a contractor, and the telephone, electric, gas and water companies involved. Plaintiffs' petition was in three counts: (1) for an injunction to restrain defendants from entering and trespassing on their lands; (2) to quiet title to the 20-foot strip sought to be used by the county on each side of Florissant Road; and (3) for a judgment declaring that the right of way is 60 feet wide and that plaintiffs are the lawful owners of the 20-foot portion of their respective parcels of land adjacent to and abutting on the 60-foot-wide Florissant Road. Plaintiffs alleged that Florissant Road is 60 feet wide and not 100 feet wide; that the conveyances, instruments, documents or devises purportedly creating a 100-foot right of way are illegal and void and confer no right, title or interest on defendants; that if defendants at any time acquired any estate, right or title in a right of way in excess of 60 feet, it has been abandoned and waived; that plaintiffs have acquired title to their respective portions of the right of way in excess of 60 feet by adverse possession, limitations and laches; that defendants have not purchased or condemned the parcels in question but, nevertheless, intend to seize, confiscate and utilize them and to proceed with the widening and rebuilding of Florissant Road in violation of the due process clauses of the state and federal constitutions and of Art. I, §§ 26 and 28, Missouri Constitution, 1945, V.A.M.S., relating to the taking and damaging of private property for public use without just compensation. By its answer St. Louis County admitted plaintiffs' ownership of the several parcels of land fronting, abutting on and adjacent to Florissant Road, and while conceding plaintiffs' use and occupation of the 20-foot strips of land in question, nevertheless denied that plaintiffs owned said 20-foot strips; denied the charges of trespass, confiscation and unlawful seizure, and alleged that a 100-foot right of way for this segment of Florissant Road was duly and regularly established by an order of the county court entered May 8, 1876, and that it has ever since been maintained, utilized and traveled as a public road within the 100-foot right of way. The other defendants filed answers conceding certain facts but denying generally the allegations of the petition. Following a trial to the court, sitting in equity, the Circuit Court of St. Louis County entered judgment for plaintiffs, finding that title to the 20-foot strips

of land in question is vested in the respective plaintiffs free and clear of any claim, estate, title, etc., of St. Louis County, and that the right of way for public road purposes of Florissant Road abutting plaintiffs' respective parcels of land is but 60 feet wide. The court did not determine the issues on Count I. Plaintiffs subsequently dismissed Count I. Following the overruling of the motion for new trial defendants St. Louis County, its highway engineer and its council members, appealed from the judgment of the circuit court.

By Laws of Missouri, 1863–4, Adjourned Session, 22nd General Assembly, § 9, p. 637, as amended by Laws of Missouri, 1871, Regular Session, 26th General Assembly, p. 135, the County Court of St. Louis County was authorized "upon the application of any person or persons, or without application" to straighten any established road or otherwise change the same "as the public interest requires," provided that no established public road be altered so as to be less than 30 feet nor more than 100 feet wide. Notice, in writing, was required to be given to the owners of the lands over which the road runs at least twenty days before the presentation of the petition, and petitioners were required to give notice by publication for one month in some newspaper of general circulation published in the City of St. Louis upon a finding that any of the persons over whose land the road runs were nonresident, absent from the county, or unknown. (§ 3) If objections were made to the road the general road superintendent was required to give written notice to the objectors of the time and place of meeting to view the premises, and with the commissioners make an assessment of the damages done to the objectors. (§ 6) Upon return of the assessment the court, if of the opinion that the public utility would justify the payment of the damages, could order the damages to be paid out of the county treasury and thus and then order said road to be straightened and changed. (§ 7) This law was re-pealed on March 29, 1879. Laws of Missouri, Regular Session, 30th General Assembly, 1879, p. 55.

In 1869–70 proceedings were initiated in the St. Louis County Court under the foregoing act to establish Florissant Road as a 60-foot road. In 1876 proceedings were taken to straighten and widen Florissant Road to a width of 100 feet. By an order dated May 8, 1876, Florissant Road as laid out by the commissioners appointed by the court and as shown on a plat filed was accepted as a county road 100 feet wide, and it was ordered that the road "be regularly opened as such on the 8th day of June, 1876 or as soon thereafter as practicable."

Florissant Road has been a public road in St. Louis County for many years. The county has expended public funds thereon "since away back, long ago." In the early days the traveled portion of the road was very narrow. There was testimony that for several years after 1890 the road was 8 to 10 feet wide. It was a single-track, two-rut, clay road wide enough for one vehicle. If two wagons met one would turn out on the shoulder. This condition persisted until 25 or 30 years ago when a 20-foot concrete slab was laid. During this period the fences were 40 feet apart. Houses are built on both sides of the road along much of the segment involved. The layout of the houses presupposed a right of way smaller than 100 feet in width; the distance from the fronts of the houses on one side of the road to the fronts of the houses on the other is 110–115 feet. Various public officials assumed that the right of way was 60 feet in width. Plaintiffs and their predecessors in title, through the years, were assessed and paid real estate taxes on the 20-foot strips in question on the theory that the right of way was 60 feet wide. Subdivision plats filed through the years in the office of the St. Louis County Recorder show Florissant Road as 60 feet in width. One plat, that of Flordell Hills, showed a 70-foot right of way. Two months before the recording of this plat a developer had dedicated a 10-foot strip along the south side of Florissant

Road, running from the east to the west boundaries of the subdivision. The deed recited that the purpose of the 10-foot strip was to widen Florissant Avenue from 60 feet to a width of 70 feet. The dedication was approved and accepted by the county court. All of the records of the county highway engineer's office show the road as 60 feet in width.

Defendants contend that the trial court erred in awarding judgment for plaintiffs; that the orders of the county court in the 1876 proceedings to straighten and widen Florissant Road to 100 feet are valid and that the 100-foot-wide right of way was legally established; that the judgment of the county court is immune from collateral attack; that in any event any irregularities in the proceedings are cured by Section 228.-190 RSMo 1949, as amended by Laws 1953, § 1, p. 371, V.A.M.S., which provides that roads established by any order of the county court used as public highways for ten years or more shall be deemed legally established public roads; that plaintiffs' claims based upon adverse possession, abandonment, limitations and laches are without foundation; that the statute under which the order was made is constitutional; and finally that the trial court was without jurisdiction.

Plaintiffs contend that the court did not err; that the order of May 8, 1876 and the proceedings for the straightening and widening of Florissant Road leading up to that order, commencing with the filing of the petition on January 31, 1876, were invalid and that the original proceedings in 1869–70 by which Florissant Road was first sought to be established, were invalid. They claim there are numerous jurisdictional omissions and failures, shortcomings and infirmities in the petitions, notices and county records in both the 1869–70 and the 1876 proceedings.

 On this appeal we are reviewing the action taken by a circuit court on a collateral attack upon proceedings before a county court. We assume the validity of the acts of the General Assembly authorizing

county courts to establish and alter public roads. Acting under that authority the county court, a court of record in so far as these proceedings are concerned, had original jurisdiction to hear and determine, upon the filing of a proper petition and the giving of due notice, whether (in the 1869–70 proceedings) a new road should be established and (in the 1876 proceedings) whether the "established" road should be straightened and widened. That is to say, the county court had jurisdiction of the class of cases involved. Now in order to acquire jurisdiction of the subject matter of the particular case and jurisdiction over the persons of the property owners, it was necessary as an indispensable jurisdictional prerequisite that a petition or application in compliance with the statute be filed in the county court and that the notice required by the act be given. Loveland v. Christian County, 357 Mo. 240, 207 S.W.2d 291; Bennett v. Hall, 184 Mo. 407, 83 S.W. 439; Seafield v. Bohne, 169 Mo. 537, 69 S.W. 1051; Zeibold v. Foster, 118 Mo. 349, 24 S.W. 155. The giving of notice as required by the statute is jurisdictional. Stutz v. Cameron, 254 Mo. 340, 162 S.W. 221. The facts necessary to establish jurisdiction of the subject matter and of the person are required to appear affirmatively on the county court record. Clay County Court v. Baker, 210 Mo.App. 65, 241 S.W. 447; Ramsey v. Huck, 267 Mo. 333, 184 S.W. 966; Spurlock v. Dornan, 182 Mo. 242, 81 S.W. 412; Chicago, R. I. & P. Ry. Co. v. Young, 96 Mo. 39, 8 S.W. 776; Zeibold v. Foster, supra; Eaton v. St. Charles County, 76 Mo. 492; Jones v. Zink, 65 Mo.App. 409; Fisher v. Davis, 27 Mo. App. 321; 39 C.J.S. Highways § 70c. Unless the jurisdictional facts appear upon the record no jurisdiction is conferred and none can be exercised. Whitely v. Platte County, 73 Mo. 30, in which this court said, 73 Mo. loc. cit. 30, 31: "This being a statutory proceeding *in invitum* to appropriate to the use of the public the land of plaintiff, and being in derogation of common law and common right, 'the utmost strictness is required in order to give it validity; and unless upon the face of the proceeding it affirmatively

appear that every essential prerequisite of the statute conferring the authority has been fully complied with, every step, from inception to termination, is *coram non judice.'* Ells v. Pacific R. R. Co., 51 Mo. 200." An order or judgment made without the jurisdictional facts appearing upon the record is absolutely null and void on its face. A void judgment is entitled to no respect and may be made the subject of a collateral attack. Zimmerman v. Snowden, 88 Mo. 218; La Presto v. La Presto, Mo.Sup., 285 S.W.2d 568; Davison v. Arne, 348 Mo. 790, 155 S.W.2d 155. The county court's orders and judgments in the 1869–70 proceedings to establish the road and in the 1876 proceedings to straighten and widen the road reveal a fatal omission in that in neither proceeding does it affirmatively appear by record entry that the owners of the land over which the road runs were given notice of the intended application as required by Section 3 of the act. The 1869–70 records make no reference whatever to notice; there is not the slightest intimation that the question of notice was ever considered in any way, or that notice was waived. The 1876 records relating to personal service recite merely that "Parties also file proof of notice in writing * * *." There was no court finding that the notice given was adequate, or that it was given according to law. If the record had recited a court finding that "due notice had been given according to law" it would have been sufficient as a record of notice. Lingo v. Burford, 112 Mo. 149, 20 S.W. 459; Daugherty v. Brown, 91 Mo. 26, 3 S.W. 210. But the record contained no such entry. There is nothing in the record to show who was personally notified, of what or by whom or how personal notice was given, whether the party or parties personally notified were owners of the land over which the road runs, or when with reference to the filing of the petition personal notice was given. Several documents, claimed by defendants to be papers from the original file in the county court in the 1876 proceedings, were offered in evidence by defendants, and upon objection were "taken with the case." They were found in the office of the county highway engineer, and were not produced from the office of the county clerk. Plaintiffs strenuously objected to them on the ground that they were not properly identified or qualified for reception as ancient documents. They consisted of a purported petition, proof of publication, three notices to three individuals of intention to present the petition to the county court, with returns showing timely service, a remonstrance, a recommendation by the general road superintendent that commissioners be appointed, a report of the superintendent on the appointment of commissioners, and a plat. Assuming, without deciding, that the documents were genuine and admissible and that the lack of a proper record of personal notice could be supplied by the papers relating to the proceedings, nevertheless, the fact of due notice is not yet established. The documents do not indicate how many property owners there were along the route; whether all of them either joined in the petition, or were served personally or by publication. (The giving of notice to *all* the owners of land through which the proposed road as widened would run is a jurisdictional requirement. See Mitchell v. Nichols, 330 Mo. 1233, 52 S.W.2d 885; Loveland v. Davenport, Mo.App., 188 S.W.2d 850.) Since neither the face of the record nor the papers affirmatively show that all of the owners of the lands over which the road runs were given due and timely notice, either in writing or by publication, both the 1869–70 and the 1876 proceedings were absolutely null and void on their face, invalid and of no effect whatever.

■■ Defendants claim that the orders of a county court are entitled to the same favorable presumptions accorded orders of courts of general jurisdiction, and to satisfy the jurisdictional prerequisites they seek the benefit of the presumption that the county court properly exercised its jurisdiction. It is true that in a collateral proceeding, where the right of the court to assume jurisdiction

of a cause and proceed to judgment depends upon the ascertainment of facts in pais, it is presumed that the court, having retained jurisdiction, found the existence of such facts and that the court passed upon them as required by the statute. State ex rel. State Highway Commission v. Moore, 322 Mo. 329, 18 S.W.2d 892, and cases cited. So in Lingo v. Burford, supra [112 Mo. 149, 20 S.W. 460], it was held that a finding by a county court in a proceeding to open a road that "due notice has been given according to law" was conclusive, as against a collateral attack in an injunction suit; that where the jurisdiction of an inferior court depends upon a fact which the court is required to ascertain and settle, its decision is conclusive. Such a presumption does not, however, dispense with the necessity of a court record showing the fact that notice was given under the statute. "Notice, being jurisdictional, * * * must appear from the record, and cannot be presumed." 39 C.J.S. Highways § 70c.

Furthermore, the 1876 proceedings to straighten and widen an *established* road depended upon the validity of the proceedings by which the road was established in the first place. The county court could not straighten and widen an "established" road that had not been established. As we have seen, the 1869–70 proceedings by which the road was purported to have been established were absolutely null and void. There was no evidence that the road had been established otherwise, i. e., by dedication or prescription prior to 1876, so that the basic foundation for the 1876 proceedings was not laid.

█ Defendants would save the situation by resort to that portion of Section 228.190 RSMo 1949, V.A.M.S., as amended, Laws 1953, § 1, p. 371, which provides as follows:

"All roads in this state that have been established by any order of the county court, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; * * *."

Defendants argue that, there having been an order of the county court establishing the road and continuous public use of the road for over eighty years, the above portion of section 228.190 requires a finding that the road has been legally established as a road 100 feet wide and that a collateral attack on the order of the county court is barred. The words "order of the county court," as used in Section 228.190, refer only to orders made in proceedings in which the county court has jurisdiction of the subject matter and of the parties. They do not refer or apply to proceedings void on the face of the record for lack of jurisdiction. Section 228.190 is designed to afford relief in the case of *irregularities* occurring in the course of proceedings to open roads; to declare the period of travel necessary to make the land a public road despite *irregularities*. State v. Muir, 136 Mo.App. 118, 117 S.W. 620; State v. Pullen, 43 Mo.App. 620. It is curative, not creative. By it irregularities and defects in proceedings can be circumvented, but proceedings that are null and void cannot be revitalized. It can cure ailments but cannot resurrect the dead. The words quoted have no application here.

We need not explore plaintiffs' contentions that limitations and laches have run on the county's rights or claims to the 20-foot strips in question or that the county has abandoned, relinquished and vacated any right it may have had therein. The 1876 proceedings having been absolutely null and void *ab initio* they conferred no rights whatever upon the county. By those proceedings the county acquired nothing to abandon, relinquish or vacate—not even any color of right. The title to the 20-foot strips in question was not affected thereby in any manner. It is as though the proceedings had not been instituted.

The views expressed in this opinion eliminate the necessity for a decision of the constitutional question plaintiffs have sought to raise.

Defendants' last point, that the trial court was without jurisdiction to make its decree because plaintiffs had an adequate remedy at law by an action in ejectment or for damages, does not require a reversal of the judgment. Ordinarily an injunction will not be granted to restrain the taking of or injury to property for a public use where the owner has an adequate remedy at law. Naeglin v. Edwards, Mo.Sup., 228 S.W. 764. Ordinarily an action in ejectment is an available and proper remedy. McCarty v. Clark County, 101 Mo. 179, 14 S.W. 51; Tebbs v. Platte County, 325 Mo. 304, 28 S.W.2d 656; Loveland v. Davenport, supra. In a proper case, however, an aggrieved property owner may have an election of remedies, and may proceed by way of an injunction to restrain the trespass, Spurlock v. Doran, supra; Carpenter v. St. Joseph, 263 Mo. 705, 174 S.W. 53; Carpenter v. Grisham, 59 Mo. 247; Holmes v. Kansas City, 209 Mo. 513, 108 S.W. 9; Ripkey v. Gresham, 279 Mo. 521, 214 S.W. 851; 30 C.J.S. Eminent Domain § 394, p. 104, or sue in ejectment, or maintain a common law action for damages. Beetschen v. Shell Pipe Line Corp., Mo.App., 248 S.W.2d 66, and cases cited page 70. The instant case was a proper case of necessity for injunctive relief to prevent injury destructive or irreparable in its nature. Plaintiffs alleged that they would suffer irreparable injury and damage by defendants seizing and entering upon a 20-foot section of each of their respective parcels of land, by grading, changing and altering the terrain, excavation and digging therein; placing poles, wires, pipes, conduits and other public utility facilities thereon; destroying, damaging and ruining the rest of plaintiffs' land, depriving them of their yards, homes, lots, equipment, shrubbery, trees and other items of personal and real property. The allegations of Count I for an injunction were amply sufficient to invoke the jurisdiction of a court of equity. Spurlock v. Doran, supra; Carpenter v. St. Joseph, supra. The right to an injunction was tried. Count I for an injunction was dismissed by plaintiffs only after the court had entered a decree on Counts II and III and had made an order stating that "Determination of plaintiffs' plea for injunctive relief is withheld pending further order of the Court." Under these circumstances plaintiffs will not be held in error for electing what appeared to them to be the most efficacious remedy.

The parties agreed in the pleadings that plaintiffs own the several parcels fronting, abutting on and that are adjacent to Florissant Road along the segment in question. The disagreement was as to the width of the right of way. Plaintiffs pleaded and contended that it was 60 feet in width. Defendants agreed that it was at least 60 feet wide, and their only claim that it was wider was based upon proceedings which we have demonstrated constituted a nullity. The trial court properly ruled that the right of way is 60 feet wide, and that plaintiffs own the 20-foot strips of land in question. The judgment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.

On Motion for Rehearing

PER CURIAM.

Appellants' motion for rehearing or to transfer to the court en banc makes four points:

First, that the jurisdiction of the county court is to be presumed; that early cases requiring that the jurisdiction of a county court appear from its record have been overruled; that as to matters exclusively within their jurisdiction (e. g., establishing, changing and vacating roads) the same presumptions are to be indulged in favor of their proceedings and judg-

ments as are indulged with respect to courts of general jurisdiction, and that where the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction the existence of such matter, nothing appearing to the contrary, will be presumed. These rules have no application to the instant situation for the reason that the power which the county court was exercising was a special statutory power required by statute to be exercised in a special manner. In such case it has been ruled repeatedly, and we reannounce the rule, that the action of the court exercising such special statutory power is as that of a court of limited and inferior jurisdiction, and no presumption of the existence of essential jurisdictional facts is indulged from the mere exercise of such power by the court. Ross v. Pitcairn, Mo.Sup., 179 S.W.2d **35**; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103; Kansas City, St. J. & C. B. R. Co. v. Campbell, 62 Mo. 585; City of St. Louis v. Gleason, 93 Mo. 33, 8 S.W. 348; State ex rel. Stack v. Grimm, 239 Mo. 340, 143 S.W. 450; 21 C.J.S. Courts §§ 96–98 and 245. In such case "the facts showing jurisdiction must affirmatively appear." City of St. Louis v. Gleason, supra, 8 S.W. loc. cit. 349. The Gleason case and the Campbell case, supra, were condemnation cases. In the latter it was said: "For, when the superior courts are engaged in the exercise of special and limited statutory powers, as in the present instance (appropriation of private property for railroad and bridge purposes), they and their records occupy the same footing, and are subject to the same rules and tests, as courts whose jurisdiction is special and limited * * *. And the rulings of this court have been uniform, wherever it has been attempted by summary proceedings to divest the owner of his property, that the record must affirmatively show that the conditions precedent to the exercise of such extraordinary powers have been fully complied with." 62 Mo. loc. cit. 588.

■ Second, appellants urge that the plat offered in evidence reveals the names of "what apparently are 16 owners of the property affected"; that ten of them were petitioners; that three of them were personally served and that the other three are to be accounted for on the showing that "some of the owners" were unknown and nonresidents, and that "it must be presumed that the 3 owners unaccounted for were given notice by the publication of notice." The answer to this point is twofold: (1) the plat, on which several names appear on various abutting parcels of land, would not in and of itself establish the fact that the persons therein named constituted all of the owners of the abutting parcels, even if the plat were admissible in evidence; (2) it cannot be "presumed" that the three, who were neither petitioners nor parties personally served, were nonresidents.

■ Third, appellants argue that the successors in title to the ten property owners who joined in the original petition are estopped to deny the validity of the 1876 proceedings. Who they are was not shown. Whether the present respondents succeeded to the title of the ten is not known. Notice to *all* the property owners was a jurisdictional prerequisite, and notice as to three of the owners having failed, the entire proceeding is void. County Court of Clay County v. Baker, 210 Mo.App. 65, 241 S.W. 447. There is no basis in this record for estoppel.

Finally, appellants contend that this court has made no determination as to the location of Florissant Avenue and that appellants do not know the location of the 60-foot roadway or of the 20-foot strips. The issue in this case was the width of the roadway. No question as to the *location* of the roadway was raised, so there was no occasion to determine the "location" of Florissant Avenue.

The motion is overruled.